Donald G. KLINESTIVER, Petitioner,

v.

DRUG ENFORCEMENT ADMINISTRATION, Respondent.

No. 78–2178.

United States Court of Appeals, District of Columbia Circuit.

Argued May 31, 1979.

Decided June 22, 1979.

---

26. *Id.* at ––––, 606 F.2d at 1119.

28. *See, e. g., id.* at ––––, 606 F.2d at 1102.

Larry S. Gondelman, Washington, D.C., with whom Plato Cacheris, Washington, D.C., was on the brief for petitioner.

Allan P. Mackinnon, Atty., U. S. Dept. of Justice, Washington, D.C., with whom Stephen E. Stone, Atty., Drug Enforcement Administration, Washington, D.C., were on the brief for respondent.

Before WRIGHT, Chief Judge, and BAZELON and TAMM, Circuit Judges.

Opinion for the Court filed by BAZELON, Circuit Judge.

BAZELON, Circuit Judge:

Petitioner Klinestiver challenges the revocation of his Certificate of Registration on three grounds: 1) that the decision was improperly based exclusively on hearsay testimony; 2) that the findings of fact underlying the order were not supported by substantial evidence; and 3) that DEA violated 5 U.S.C. § 557(c) (1976) by failing to provide petitioner an opportunity to file exceptions to the Administrative Law Judge's recommended decision. We consider each of these arguments briefly in turn.

1. Petitioner concedes that, at least in the absence of agency regulations to the contrary, hearsay is both admissible and may, standing by itself, constitute substantial evidence in support of an administrative decision. *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Nonetheless, petitioner contends that the applicable DEA regulation, 21 C.F.R. § 1316.59(a) (1978) erects a higher standard for the admissibility of evidence in a DEA hearing, permitting the introduction only of evidence that would be admissible under "jury trial" rules.

We disagree with petitioner's reading of the regulation. Although the rule speaks of "competent" evidence, it does not further explicate the meaning of "competent." Competent evidence is a conclusory term, synonymous with "admissible." *See* McCormick on Evidence, § 52 (2d ed. 1972) at 116.

"The word 'incompetent' as applied to evidence means no more than inadmissible, and thus cannot be said to state a ground of objection." To say that DEA is limited to "competent" evidence is to beg the very question at issue here, namely, what evidence is legally admissible in DEA proceedings.

██ The history of this regulation convinces us that DEA never intended to bind itself to a higher standard of admissibility than that prescribed by the Administrative Procedure Act, 5 U.S.C. § 556(d) (1976), which permits the introduction of "any oral or documentary evidence." Prior to 1971, the applicable regulations limited evidence to that which is "relevant, material, reliable and not unduly repetitious." 21 C.F.R. § 316.81(c) (1971). In 1972, this provision was revised as part of a more general revision of the procedural rules, substituting "competent" for "reliable." This change was not accompanied by any indication that the agency sought to tighten the stringency of its procedural rules. *See* 36 Fed.Reg. 978 (1971). Accordingly, we hold that nothing in 21 C.F.R. § 1316.59(a) requires DEA to limit admissible testimony to that which would be acceptable in a jury trial or under the Federal Rules of Evidence.

██ 2. Petitioner's contention that the order is not supported by substantial evidence is similarly defeated by *Richardson v. Perales*. Petitioner contends that serious questions of the reliability of the hearsay testimony recounted by Agent Bingham required testing through cross-examination. Petitioner's Br. at 22–23. Yet nowhere does petitioner suggest that he attempted to call any of the key individuals—Brandon, Hudson, Maia or Harrold, although the presiding officer has subpoena authority. *See* 21 C.R.F. § 1316.52(d) (1978). The teaching of *Richardson* is directly applicable here:

> We conclude that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, *when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.*

402 U.S. at 402, 91 S.Ct. at 1428 (emphasis supplied).

██ 3. Finally, petitioner contends that DEA violated 5 U.S.C. § 557(c) (1976) through its failure to provide by regulation an opportunity to file exceptions to the ALJ's decision prior to final determination by the Administrator. We agree with petitioner that DEA is required to provide an opportunity to file exceptions with the Administrator, even though petitioner had an opportunity to present proposed findings of fact to the ALJ. The purpose of § 557(c) is to permit parties' input at *each level* of the administrative decisional process. This right is unfulfilled if the party may present its views only at one level (in this case, before the ALJ).

The DEA has already been chastised by one federal court to conform its regulations to § 557(c). *Sokoloff v. Saxbe*, 501 F.2d 571, 577 n.5 (2d Cir. 1974). We repeat that admonition here. We decline to reverse the Administrator's order solely because petitioner never sought to file exceptions with the Administrator, and thus provide the Administrator with an opportunity to permit exceptions to be filed. Petitioner has failed to demonstrate that requesting the opportunity to file exceptions would be so futile as to relieve petitioner of the obligation to apply to the Administrator in the first instance. However, in the future we will be more reluctant to condone DEA's unwillingness to conform its regulations to the clear command of § 557(c).

*Affirmed.*