**FEDERAL FOOD SERVICE, INC. and Harold E. Gelber, Plaintiffs,**

v.

**The Honorable Ray MARSHALL, Secretary of Labor and the Honorable Elmer B. Staats, Defendants.**

No. C.A. 79–2011.

United States District Court, District of Columbia.

Dec. 17, 1979.

John S. Pachter, Washington, D.C., for plaintiffs.

Asst. U. S. Atty. Kenneth M. Raisler, Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

This case comes before the Court on the plaintiffs' motion for a preliminary injunction and the defendants' motion to dismiss.

### I

Very briefly, the facts are as follows: The plaintiffs are in the business of furnishing mess attendant services under contracts with the United States which are subject to the Service Contract Act of 1965 (Act), as amended, 41 U.S.C. § 351, et seq. Contracts were awarded to plaintiff for furnishing mess attendant services at various locations in the United States from July 1, 1973 through June 30, 1975. Early in 1974, an investigation was conducted into the performance of plaintiffs' contract at a facility in Charleston, South Carolina. As the result of that investigation, plaintiffs paid back wages of $418 due seven employees for hours worked but not recompensed. Investigations were commenced into other con-

tracts of the plaintiffs and additional violations of the Act were found. An administrative complaint was filed in November 1976 charging plaintiffs with violations of the minimum wage and fringe benefit requirements of the Act. Plaintiffs denied the charges and asserted the presence of "unusual circumstances" if violations were found. Eventually, the case went before an Administrative Law Judge who filed a decision on November 22, 1977, after formal hearings. His findings included a determination that plaintiffs had violated the Act in the performance of eight contracts, specifically, that in six contracts the plaintiffs failed to pay a number of employees certain vacation benefits, that in five contracts a number of employees were not paid the proper holiday benefits and that in one contract several employees were not paid the minimum wages. Two record keeping violations were also resolved against plaintiffs. The Administrative Law Judge found in favor of plaintiffs on some of the allegations.[1] He concluded that the plaintiffs had not established any "unusual circumstances" and, as a result he recommended, pursuant to 29 CFR § 6.10(b), that the Secretary of Labor (Secretary) take no action to relieve plaintiffs from the ineligible list sanction under the Act. See 41 U.S.C. § 354(a).

Plaintiffs appealed to the Administrator of the Wage and Hour Division who affirmed the findings and conclusions of the Administrative Law Judge, including the determination that there were no "unusual circumstances" and who then recommended, see 29 CFR § 7.14, to the Secretary that plaintiffs be debarred from receiving government contracts. Plaintiffs filed an application for relief from debarment, see 29 CFR § 6.12, however, the Secretary concurred with the decision below having found no unusual circumstances, and accepted the decision to debar plaintiffs. Plaintiffs' motion for rehearing was denied by the Secretary on May 15, 1979.

---

1. He found, for example, that plaintiffs supplied records in a reasonably prompt fashion to the appropriate authority and that at some locations the records of plaintiffs' predecessors were essential for plaintiffs to take appropriate

action but were unavailable to plaintiffs and the government notwithstanding a diligent effort to obtain them by the plaintiffs. (Compl. Ex. 1, p. 6.)

The plaintiffs move for a preliminary injunction and argue that the action of the Secretary in refusing to remove plaintiffs' names from the ineligible list is subject to judicial review, that the debarment is contrary to past policy and procedural regulations and that the administrative findings were not supported by a preponderance of the evidence. Plaintiffs primary contention is that the Secretary should have found "unusual circumstances" and should have removed plaintiffs names from the ineligible list.[2]

Defendants argue that the case should be dismissed for failure to state a claim upon which relief can be granted. This argument is based upon defendants' contention that the decision as to what constitutes "unusual circumstances" is committed to the *sole* discretion of the Secretary and is thus not reviewable. In the absence of a dismissal of the action, defendants argue that plaintiffs are not entitled to injunctive relief.

## II

In order to make out a case for injunctive relief, the plaintiffs must demonstrate that they have a substantial likelihood for success on the merits, that without such relief they will suffer irreparable harm, that the issuance of the injunction will not substantially harm other interested parties, and that the granting of such relief is in the public interest, or at least is not contrary to that interest. *Virginia Petroleum Jobbers Ass'n v. FPC*, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958). The strict requirements set out in the above case have been somewhat modified by *Washington Metropolitan Area Transit Commission v. Holiday Tours*, 182 U.S.App. D.C. 220, 222, 559 F.2d 841, 843 (1977), which held that "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors".

The petitioners have not demonstrated a strong likelihood of success on the merits, *see* Part IV, *infra*, however, it is clear that they will suffer irreparable injury unless injunctive relief is granted. The harm is obvious since the petitioners will remain debarred for three years, *see* 41 U.S.C. § 354(a), and unless they have substantial contracts in the private sector, they may be unable to survive financially. The remaining criteria, the harm to other interested parties and the public interest, weigh against the plaintiffs. The Act was designed to provide fair wage standards for employees performing work on federal service contracts, *see* S.Rep. No. 798, 89th Cong. 1st Sess. *reprinted in* [1965] U.S.Code Cong. & Admin.News, p. 3739, and any decision setting aside actions which are consistent with the Act may cause substantial injury to enforcement of the Act in this and future cases and is clearly not in the public interest absent some compelling reason to grant an injunction.

Under the facts of this case, this Court concludes that plaintiffs have failed to demonstrate that they are entitled to injunctive relief. Such relief shall be denied.[3]

## III

The defendants move to dismiss this case on the grounds that the actions of the Secretary are not reviewable by the court. 5 U.S.C. § 701(a)(2). While it is true, as the defendants argue that the 1972 amendment to the Act, Pub.L. 92–473, 86 Stat. 789, resulted because Congress wanted to make the debarment process almost automatic, *see* S.Rep. No. 92–1131, 92nd Cong. 2d Sess., *reprinted in* [1972] U.S.Code Cong. & Admin.News, p. 3536, this Court does not read the original statute or the 1972 amendment as setting forth clear and convincing evidence of a legislative attempt to restrict judicial review. *Citizens to Preserve Over-*

---

2. The Secretary may recommend that a contractor's name be removed from the ineligible list if he finds "unusual circumstances". 41 U.S.C. § 354(a).

3. An order denying plaintiffs' motion for preliminary injunction was filed on December 11, 1979.

ton Park v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In the absence of such an intent, the administrative decision is reviewable and, accordingly, so much of defendant's motion to dismiss as is grounded on the contention that the administrative determination is beyond review by the court must be denied.

## IV

The Court has reviewed the underlying record consisting of the decision of the Administrative Law Judge, the ruling by the Administrator and the final order by the Secretary. The case has been fully briefed and argued, both during the administrative proceedings and before this Court. The issue is whether the Secretary has properly determined that the plaintiffs' names should not be removed from the list of ineligible persons. This in turn depends on whether the plaintiffs have demonstrated unusual circumstances.[4]

The Administrative Law Judge carefully considered that issue utilizing the criteria cited in *Washington Moving and Storage Co., et al.*, No. SCA168, March 12, 1974. There the Secretary set forth guidelines for determining whether there are "unusual circumstances". The Secretary explained that:

"Whether 'unusual circumstances' are present in a case within the meaning of the Act must be determined on the basis of the facts and circumstances of the particular case. Some of the principal factors which must be considered in making this determination are whether there is a history of repeated violations of the Act; the nature, extent, and seriousness of past or present violations; whether the violations were willful, or the circumstances show there was culpable neglect to ascertain whether certain practices were in compliance, or culpable disregard

of whether they were or not, or other culpable conduct (such as deliberate falsification of records); whether the respondent's liability turned on bona fide legal issues of doubtful certainty; whether the respondent has demonstrated good faith, cooperation in the resolution of issues, and a desire and intention to comply with the requirements of the Act; and the promptness with which employees were paid the sums determined to be due them. It is clear that the mere payment of sums found due employees after an administrative proceeding, coupled with an assurance of future compliance, is not in itself sufficient to constitute 'unusual circumstances' warranting relief from the ineligible list sanction. It is also clear that a history of recurrent violations of identical nature, such as repeated violations of identical minimum wage or recordkeeping provisions, does not permit a finding of 'unusual circumstances.' . . ."

■ After reviewing the findings and conclusions of the Administrative Law Judge, and those of the Administrator and the Secretary, this Court is satisfied that there was more than a preponderance of the evidence to support those findings, including the stipulation entered into by the parties before the Administrative Law Judge. The Administrative Law Judge properly applied the *Washington Moving and Storage* standard noting that plaintiffs' past history reflected violations of the Act during several years, that violations continued to occur, that proper management would have precluded continuing occurrences of widespread underpayments and that there had been "culpable violations." The decisions of the Administrative Law Judge, the Administrator and the Secretary thereafter were not arbitrary, capricious or an abuse of discretion.

In view of the above, the Court concludes that further review of this case is unwarranted since the action of the Secretary was not arbitrary, capricious or an abuse of dis-

---

4. The plaintiffs do not seriously argue with the factual findings of the Administrative Law Judge but contend that not withstanding those findings their names should be removed from the list of ineligible persons due primarily to the fact that the charges against them were not serious and that they have had an excellent record in the past.

cretion. Accordingly, the Court will, *sua sponte* enter summary judgment for the defendants and will dismiss this action.