William A. CIMPI, et al., Plaintiffs,

v.

Elizabeth DOLE, Secretary, United States Department of Labor, Defendant.

Civ. A. No. 90–1095.

United States District Court, District of Columbia.

June 5, 1990.

Kenneth Joel Haber, Jr., Haber & Associates, P.C., Washington, D.C., for plaintiffs.

Patricia Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

JOHN H. PRATT, Senior District Judge.

Before the Court is plaintiffs' motion for a preliminary injunction. The matter has been fully briefed and, after a review of the record, we are satisfied that the motion may be ruled upon without a hearing. Defendant, in addition to opposing plaintiffs' motion, has filed a motion to dismiss, and that motion is also ripe. For the reasons set forth herein, we deny plaintiffs' motion for a preliminary injunction and grant defendant's motion to dismiss.

### I. *Background*

Plaintiff William A. Cimpi is a government contractor whose presently debarred companies have in the past contracted to transport United States Postal Service cargo under various government contracts. Plaintiff William Wayman is an employee of Cimpi under Postal Service contract # 13731, which is scheduled to expire on June 30, 1990.[1] Defendant is the Secretary of Labor ("Secretary").

---

1. Wayman has joined this suit as an alleged    third party beneficiary of Cimpi's contract

In 1986, administrative proceedings were instituted against Cimpi under the McNamara–O'Hara Service Contract Act of 1965, 41 U.S.C. §§ 351–358 (1988) ("SCA" or "Act"), for wage and fringe benefit violations involving seventeen Postal Service contracts. Postal Service contract # 13731 was not among them. On March 12, 1987, after a hearing, the administrative law judge ("ALJ") found that Cimpi had engaged in numerous wage and fringe benefit violations, and that he owed thirty-one employees a total of $10,126.12. The ALJ further concluded that no "unusual circumstances" warranted relieving Cimpi from the debarment sanction created under section 5(a) of the SCA, 41 U.S.C. § 354(a).

Cimpi did not appeal this finding, but the Department of Labor ("DOL") moved to amend the decision to provide for the payment of additional back wages. On June 22, 1987, the ALJ issued an amended decision and order granting DOL's request. Once again, Cimpi did not appeal, and on September 1, 1987, the Office of Administrative Law Judges notified the Administrator of the Wage and Hour Division ("Administrator") that the amended decision and order had become final. Subsequently, by letter dated November 3, 1987, the Administrator forwarded Cimpi's name to the Comptroller General ("Comptroller") for placement on the list of ineligible (i.e., debarred) bidders. See 41 U.S.C. § 354(a) (Comptroller must "distribute a list to all agencies of the Government giving the names of persons or firms that the Federal agencies or the Secretary have found to have violated" the SCA). On December 24, 1987, the Comptroller placed Cimpi's name on this list for a three year period, as required by the SCA. See id. (violators are ineligible for government contract awards "until three years have elapsed from the date of publication of the list containing" their names).

On June 28, 1988, six months after being placed on the list, Cimpi, through counsel, requested that the Administrator adjust his period of debarment so that it would commence within ninety days of the ALJ's initial order of March 12, 1987, and thus expire on or about June 10, 1990. Cimpi relied on an SCA provision directing the Secretary, within "ninety days after" an ALJ's decision that an individual has violated the SCA, to "forward to the Comptroller ... the name of [such] individual" for placement on the debarment list. Id. By letter dated September 1, 1988, the Administrator denied this request. The Administrator stated that the ninety day period was directory, not mandatory or jurisdictional, and that in any event Cimpi's name had been forwarded "approximately within" that period. This latter conclusion was based on the fact that the ALJ's decision did not become final until August 1, 1987, the date on which the period for appeal of the June 22, 1987, amended decision and order expired. Cimpi did not appeal the Administrator's denial.

By letter dated February 14, 1990, the Postal Service notified Cimpi that, because of his status as a debarred contractor, Postal Service contract # 13731, scheduled to expire on June 30, 1990, would not be renewed. Cimpi did not appeal this decision.

On May 10, 1990, well over a year and a half after the Administrator denied Cimpi's request for an adjustment, plaintiffs filed this action for declaratory, injunctive, and mandamus relief against the Secretary. They claim that the Secretary has wrongfully refused to change the termination

---

# 13731 with the Postal Service. Defendant correctly points out that Wayman lacks standing because his injury, loss of employment as a result of Cimpi's continued disbarment, does not "fall within 'the zone of interests to be protected or regulated by the'" McNamara–O'Hara Service Contract Act of 1965, 41 U.S.C. §§ 351–358 (1988). *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 475, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (quoting *Association of Data Processing Serv. Orgs. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970)). The Act was designed to guarantee minimum wages, fringe benefits, and safe working conditions for "employees of contractors and subcontractors furnishing services to or performing maintenance for Federal agencies." S.Rep. No. 798, 89th Cong., 1st Sess. 1–2, *reprinted in* 1965 U.S.Code Cong. & Admin.News 3737–38. This purpose is not related to Wayman's interest in continued employment under contract # 13731.

date of Cimpi's debarment period from December 24, 1990, to June 10, 1990. In their present motion for a preliminary injunction, plaintiffs seek to compel the Secretary to reinstate Cimpi as an eligible government contractor pending a final decision on the merits. The alleged irreparable injury plaintiffs wish to avoid is the loss of Postal Service contract # 13731.

## II. *Discussion*

■ In order to prevail on their motion, plaintiffs must demonstrate that they have "a substantial case on the merits." *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977). This they have failed to do. First and most importantly, plaintiffs have not made any showing that they exhausted their administrative remedies prior to filing this action. *Compare Federal Food Service, Inc. v. Marshall*, 481 F.Supp. 816, 817 (D.D.C.1979) (prior to moving for preliminary injunction, contractor exhausted administrative remedies available for relief from debarment). Cimpi had sixty days to file an administrative appeal of the Administrator's September 1, 1988, denial of his request for an adjustment, *see* 29 C.F.R. § 8.7(b) (1989), yet he failed to do so. Plaintiffs' counsel apparently was aware of this right of appeal, since he had appealed a similar decision in a different case earlier that same year. *See White Way Trucking Inc. v. McLaughlin*, 108 Lab.Cas. (CCH) ¶ 35,060, at 45,607, 1988 WL 35373 (1988).[2] Plaintiffs' failure to lodge this appeal tolls the death knell for this entire action, and is a sufficient ground alone for granting defendant's motion to dismiss. *See McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Abney v. District of Columbia*, 849 F.2d 1491, 1497 (D.C.Cir.1988); *Klinestiver v. DEA*, 606 F.2d 1128, 1130 (D.C.Cir.1979).

■ Second, even if plaintiffs could overcome this obstacle, the SCA is highly unlikely ultimately to afford them the requested relief, i.e., termination of Cimpi's

debarment period in time for Cimpi to become eligible for renewal of Postal Service contract # 13731. If the Act itself leaves any doubt, the implementing regulations unequivocally establish that the ninety day period for forwarding the name of a violator does not begin to run until the ALJ's decision becomes final. *See* 29 C.F.R. § 6.21. An aggrieved party has forty days to appeal an ALJ's order. *See id.* §§ 6.19(b), 6.20. In this case, therefore, the order did not become final until August 1, 1987, forty days after the ALJ issued his June 22, 1987, amended decision and order. Accordingly, the Secretary should have forwarded Cimpi's name to the Comptroller by October 30, 1987, four days earlier than she actually did. However, even if Cimpi were entitled to a four day adjustment, and thus would be eligible for new contract awards after December 20, 1990, instead of December 24, 1990, he would remain ineligible for renewal of Postal Service contract # 13731, which expires on June 30, 1990.

Moreover, the Act expressly provides that the three year debarment period runs from the date of publication of the violator's name on the debarment list, not the date on which the Secretary forwarded the violator's name to the Comptroller. *See* 41 U.S.C. § 354(a). In this case, almost two months elapsed between the date of forwarding and the date of publication. The Secretary had nothing to do with this delay; publication of forwarded names is the responsibility of the Comptroller. *See id.* Plaintiffs have not named the Comptroller in this action and nowhere do they claim that the delay was unlawful. In light of these circumstances, even if the Secretary had forwarded Cimpi's name by June 10, 1987, there is no reason to believe that it either would or should have been placed on the debarment list prior to June 30, 1987. By failing to address this point in their opposition to defendant's motion to dismiss, plaintiffs concede that they have failed to state a claim upon which relief can be granted. This is a second independent

---

**2.** In light of this evidence, we reject plaintiffs' contention that 29 C.F.R. § 8.7(b) did not afford

them a right of appeal in the present case.

ground for granting defendant's motion to dismiss.

### III. *Conclusion*

Based on the foregoing, we hold that plaintiffs have failed to demonstrate "a substantial case on the merits." *Holiday Tours*, 559 F.2d at 843. Indeed, plaintiffs' arguments are so contrary to the plain language of the SCA and its implementing regulations that they border on the frivolous. In view of this holding, we need not consider the other factors relevant to a grant of injunctive relief. *See id.* Since Cimpi has consistently failed to exhaust his administrative remedies, we lack subject matter jurisdiction. In addition, plaintiffs' complaint fails to state a claim upon which relief can be granted, and Wayman lacks standing.

Accordingly, it is by the Court this 5th day of June, 1990,

ORDERED that plaintiffs' motion for a preliminary injunction is denied; it is

ORDERED that defendant's motion to dismiss is granted; and it is

FURTHER ORDERED that this cause shall stand dismissed.