## Yellow Cab Company of Providence *vs.* Public Utility Hearing Board.

JULY 25, 1952.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an appeal by the Yellow Cab Company of Providence, a corporation, hereinafter referred to as the appellant, from a decision of the Public Utility Hearing Board granting a certificate of public convenience and necessity to two individuals doing business as partners under the name of the Laurel Cab Company, hereinafter termed the applicants, authorizing them to operate four taxicabs in the city of Providence.

The pertinent statute dealing with an appeal such as the one before us is public laws 1949, chapter 2174, section 1, which amends general laws 1938, chap. 122, §32, among other sections, and reads in part:

"On any appeal under the provisions of this section, the findings of the board on questions of fact shall be held prima facie to be true and as found by the board; and an order of the board shall not be reversed unless it appears that the decision of the board was against the weight of the evidence presented before the board, or that said order was entered without the jurisdiction of the board, or that such order is unlawful or unreasonable."

The instant appeal is based on the following specific reasons:

"1.   Said order is against the weight of the evidence before said board.

2.   Said order is unlawful and unreasonable in that the findings of fact of said board were merely to the effect that the service now being legally rendered by the appellant without taxicab permits is needed by the public and no finding of fact appears therein to the effect that the single additional service permitted by taxicab permits, to wit, street solicitation, will be conducive to the general public need, convenience and interest."

The appellant waives its first reason of appeal and relies on the second reason only.

It appears from the evidence before the hearing board that the applicants for several years have been engaged in operating by the use of automobiles a so-called public livery service in the Olneyville district of the city of Providence. See *Broadway Auto Livery* v. *State Board of Public Roads*, 52 R. I. 109. About 80 per cent of the requests to the applicants for transportation are received over the telephone and about 20 per cent are from individuals who personally apply to applicants' office. The majority of the requests are for relatively short trips in the city, such as to the shopping center, hospitals, hotels, railroad station and bus terminals. Apparently the applicants' lawful business amounts practically to taxicab service except that they do not solicit street patronage. It is in evidence that applicants' drivers after discharging their passengers and while returning to the company's office frequently are solicited by individuals on the street for transportation, but that acting under applicants' instructions the requests are refused. Such street solicitations ordinarily are made during the rush hour between 5 and 6 p.m. in the center of the city and in the Olneyville business district.

There is testimony on behalf of the appellant that its telephone business has grown recently but that its street solicitations for service have decreased, and that if the applicants are given a certificate of convenience and necessity to operate taxicabs competition in that field will increase, to the detriment of appellant's service and business. No further discussion of the evidence seems necessary since appellant has waived its first reason of appeal.

The instant case comes before us on appeal solely to review an order of the hearing board. Under the hereinbefore-quoted section of the statutes, P. L. 1949, chap. 2174, section 1, such an order is not to be reversed unless certain specified conditions appear. However, by waiving its first reason of appeal the appellant has definitely limited the

scope of our inquiry so that we are not called upon to weigh the evidence. In the circumstances, even though the evidence might not be strong we cannot say there was no legal evidence to support the decision of the hearing board that there was need for additional service of the kind rendered by taxicabs. On the present record therefore the appellant has left for our consideration only its second reason of appeal.

In substance it contends thereunder that the order which is appealed from is unlawful and unreasonable because it was largely based on the erroneous conclusion that applicants were substantially conducting a taxicab business without a certificate of convenience and necessity, and also that such order failed to make a finding of fact that there was a need for the allowance of additional street solicitation which finding would furnish the reason and basis for the issuing of such a certificate.

An examination of the decision of the hearing board shows that after referring in considerable detail to the evidence before it the board came to the conclusion that the applicants, while operating in good faith as a livery service, for several years had been carrying on what amounted in substance to a taxicab business except that they did not solicit or accept street patronage. The decision then continued as follows: "We find that there is a substantial demand by the public for the service which the applicants have been performing. The record shows that people in the so-called Olneyville, Silver Lake, and annex districts of the City of Providence have indicated by their patronage of the applicants a need and preference to use the applicants' service rather than the accommodations offered by the other taxicab companies. It is our view that the added competition which the appellant would face from street solicitation by the applicants would have no appreciable effect upon its revenues, and would have no effect on its ability to render efficient service. The granting of the application would promote the accommodation of

the public and is reasonably required to meet the need for such accommodation."

Assuming that the applicants had been conducting their business in the manner found by the hearing board, that fact standing alone would not authorize an order giving them a certificate of public convenience and necessity to operate four taxicabs. Neither would such order be supported by a mere willingness on the part of the hearing board to assist the applicants to expand their business by including therein street solicitation. In our judgment the appellant is substantially correct in arguing that the chief question before the hearing board was whether there was public need for more service of the type rendered by taxicabs, and especially whether there was need for providing additional assistance to the public in accommodating indiscriminate solicitation by prospective passengers. The appellant urges that the decision of the hearing board contains no finding of fact on the above question and that its order is therefore unlawful and unreasonable. The applicants contend otherwise.

It is our opinion that such a finding as is referred to above does not have to be set out in precise or specific language by the hearing board in its decision, although if so expressed it would leave no room for argument or misunderstanding. Nor does such a finding necessarily have to be expressed by the hearing board with the definiteness which is ordinarily required for analogous findings in workmen's compensation and zoning board cases, as the appellant maintains. Such conclusion if found fairly and reasonably by implication in the decision is sufficient.

We have examined the decision of the hearing board in the instant proceeding and after consideration we are of the opinion that, when read as a whole, it contains by reasonable implication a sufficient finding of fact that in the existing circumstances the public convenience and necessity required the additional taxicab service asked for by the applicants. In view of such finding and without

512

considering the weight of the evidence in support thereof we cannot say that its order was unlawful or unreasonable.

The appeal is denied and dismissed, the order appealed from is affirmed, and the records in the case are ordered sent back to the respondent board.

*Raymond F. Henderson,* for Yellow Cab Co. of Providence.

*William G. Grande, John S. Brunero,* for applicants.

*William E. Powers,* Atty. Gen., *Robert A. Coogan,* Asst. Atty. Gen., for State and Respondent Board.