409 A.2d 536.

PETER J. BEAUDOIN *vs.* EUGENE P. PETIT, JR.,
REGISTRAR OF MOTOR VEHICLES.

DECEMBER 12, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.  This case comes before the court on a petition for writ of certiorari, authorized by G.L. 1956 (1977 Reenactment) §42-35-16 of the Administrative Procedures Act. The petitioner seeks review of a judgment entered by the Sixth Division of the District Court. The District Court dismissed the petitioner's appeal from an order of the Registry of Motor Vehicles which revoked the petitioner's driver's license. We issued the writ and now have the pertinent records before us.

The registry revoked petitioners' license, after Mr. Beaudoin was convicted a second time of operating a motor vehicle while under the influence of intoxicating liquor. The petitioner's initial offense occurred in February 1975; he pleaded nolo contendere to the resulting charge in the Seventh Division of the Rhode Island District Court. In October 1976, petitioner committed his second offense while driving in Connecticut. He pleaded guilty as charged in the Court of Common Pleas in Danbury, Connecticut. Connecticut enforced its mandatory suspension provision and revoked Mr. Beaudoin's Connecticut driving privileges on November 17, 1976. The petitioner does not question the validity of either conviction.

On March 1, 1977, the Rhode Island Registry of Motor Vehicles mailed a notice to petitioner requiring him to attend a hearing. The notice stated that Mr. Beaudoin must arrange for the hearing "for a Connecticut suspension." Mr. Beaudoin appeared before a hearing officer, who questioned him concerning the circumstances of the Connecticut conviction. The officer filed a report with the registrar, who then ordered revocation of petitioner's license for 1 year.

The petitioner received notice of the revocation dated April 4, 1977. The official order stated:

> "You are notified that as of the effective date of this order your license is revoked for a period of: one year and thereafter until you give proof of financial

responsibility for the future; and you are further notified that the above number registration(s) and all other registrations in your name as owner, are also suspended as of the effective date and until proof of financial responsibility for the future is given for such vehicles(s).

"This order does not affect those registrations for which you have previously given and now maintain proof of financial responsibility for the future.

"Ordered pursuant to the Rhode Island General Laws, 1956, as amended Title(s) 31-11-6(3) & 31-32-4 & 5 and because of your 2nd conviction of operating a motor vehicle while under the influence of intoxicating liquor."

The enforcement of the order has been stayed pending final disposition by this court.

The petitioner challenges the registry's action on two bases. He maintains that the order of revocation informed him inadequately in regard to the nature and cause of the revocation. He further contends the registry lacks the authority to revoke a driver's license without judicial recommendation.

Mr. Beaudoin equates the order of revocation with a criminal complaint, stating it must meet the standards set forth in art. I, sec. 10, of the Rhode Island Constitution. The petitioner misconceives the nature of a license revocation proceeding. The proceeding is administrative rather than criminal. The registry undertakes the proceedings to determine if the licensee should be allowed continued use of public highways, notwithstanding his violations. *Campbell* v. *State of Colorado, Department of Revenue, Division of Motor Vehicles*, 176 Colo. 202, 491 P.2d 1385 (1971); *Ritch* v. *Director of Vehicles and Traffic of the District of Columbia*, 124 A.2d 301 (D.C. 1956). Thus the provisions of art. I, sec. 10, do not apply to license revocation proceedings. Moreover, an order is not to be equated with an initial notice of proceeding or hearing not challenged in the case.

We shall assess the sufficiency of the official order in light of the purpose that it serves. The order must inform a licensee

of the status of his license and clearly mandate his future actions. The order must also state the grounds for the action taken against petitioner's license. However, such findings need not be set out in precise or specific language. *Yellow Cab Company of Providence* v. *Public Utility Hearing Board*, 79 R.I. 507, 511, 90 A.2d 726, 728 (1952). The essential purpose of these requirements is to ensure proper functioning of the review process. The requirements exist because the parties as well as the court are entitled to know and should not be required to speculate on the basis for an administrative decision. *Hooper* v. *Goldstein*, 104 R.I. 32, 45, 241 A.2d 809, 816 (1968); *Coderre* v. *Zoning Board of Review*, 102 R.I. 327, 230 A.2d 247 (1967); *Hopf* v. *Board of Review*, 102 R.I. 275, 230 A.2d 420 (1967).

The petitioner contends that failure to cite the registry's statutory authority, G.L. 1956 (1968 Reenactment) §31-11-3, renders the order fatally defective. We do not agree. The registry made findings of fact sufficient to sustain the revocation of the license pursuant to §31-11-3. Mr. Beaudoin does not dispute these findings, nor does he claim to be misled concerning the import of the order. He urges us to find the order deficient as a matter of law. We decline to do so in light of the clear, undisputed findings and the actual authority vested in the registry. Although the registry failed to cite §31-11-3 in the order, it is reasonable to conclude as a matter of law that the registry relied thereon to revoke petitioner's license. In this respect, the omission is similar to the grammatical oversight discussed in *DiSalvo* v. *Williamson*, 106 R.I. 303, 309, 259 A.2d 671, 675 (1969).[1]

Mr. Beaudoin also challenges the basic authority of the registry to revoke a license as a result of an out-of-state conviction. The registry derives this authority from §31-11-3, which reads as follows:

---

[1]In *DiSalvo* v. *Williamson*, 106 R.I. 303, 309, 259 A.2d 671, 675 (1969), the registrar erroneously referred to the respondent as "complainant" and failed to complete the phrase "refused to submit." The grammatical oversight was held not to affect the validity of the Order.

"The registry is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur."

If Mr. Beaudoin had committed his offense in Rhode Island, it would constitute grounds for revocation of his license. General Laws 1956 (1968 Reenactment) §31-11-6, as amended by P.L. 1974, ch. 120, §1, provides:

"The license of any chauffeur or operator shall be forthwith revoked upon receipt by the registry of a record of such operator's or chauffeur's final conviction for any of the offenses hereinafter stated and the term of revocation shall be for the periods hereinafter enumerated:

"* * *

"(3) Driving a motor vehicle while under the influence of intoxicating liquor, such period of time, if any, as may be recommended in the final sentence imposed by a court having jurisdiction to impose such sentence."

Mr. Beaudoin's challenge focuses on the language of §31-11-6(3) that requires judicial determination of the period of revocation. He contends the Legislature intended that resident licensees be treated equally for out-of-state and in-state convictions. Currently the registry sets the term of revocation for resident licensees convicted out of state.

We are not persuaded by Mr. Beaudoin's reading of the two statutes. As we read §31-11-3, it is free from ambiguity. Where the language of a statute is free from ambiguity and conveys a definite and sensible meaning that does not contradict an evident legislative purpose, there is nothing to construe. *Gomes* v. *Rhode Island State Board of Elections*, 120 R.I. 951, 393 A.2d 1088, 1090 (1978); *Statewide Multiple*

*Listing Service* v. *Norberg,* 120 R.I. 937, 392 A.2d 371, 373 (1978); *Markham* v. *Allstate Insurance Co.,* 116 R.I. 152, 155-56, 352 A.2d 651, 653 (1976). Guided by this standard, we must give literal effect to the provisions of §31-11-3.

Both statutes, §§31-11-3 and 31-11-6, vest the power to revoke with the Registry of Motor Vehicles. Section 31-11-6 directs revocation for certain offenses, mandating particular terms for each offense. Section 31-11-6(3) differs from the other subsections; it allows a court, having jurisdiction to convict and sentence a person for driving under the influence of intoxicating liquor, to recommend the period of mandatory revocation. In effect, the sentencing judge can recommend that the license not be revoked. This discretion does not alter the character of the offense; it still constitutes grounds for revocation of the offender's license.

Section 31-11-3 empowers the registry to set the period of revocation in respect to out-of-state convictions. It clearly states that the registry is authorized to revoke a resident's license upon receiving notice of an extraterritorial offense "which, if committed in this state, would be grounds for * * * revocation." Mr. Beaudoin was convicted of such an offense in Connecticut. We find nothing ambiguous in the language of §31-11-3. It furthers, rather than contradicts, the evident legislative purpose of monitoring the fitness of each driver to hold a license.

Mr. Beaudoin's construction would undermine the operation of §31-11-3. Section 31-11-6(3) directs the Rhode Island court having jurisdiction to sentence the licensee, to recommend, if any, the term of revocation. The petitioner's construction of §31-11-6(3) to incorporate a parallel provision into §31-11-3 would require an out-of-state tribunal to recommend action on a Rhode Island license. Section 31-11-6(3) would then require the registry to abstain from revocation save in accordance with the recommendation of an out-of-state judge. Our Legislature could not reasonably be deemed to make its mandate dependent on the action of an out-of-state tribunal.

476

Nor could the registry submit an out-of-state conviction to a Rhode Island court for recommendation of action on the license of the person convicted. Section 31-11-6(3) refers to the court "having jurisdiction to impose such sentence." Clearly the courts of this state have no jurisdiction over extra-territorial offenses. The construction urged by Mr. Beaudoin would nullify §31-11-3 or lead to an unworkable and absurd result. We will not construe a statute to achieve meaningless or absurd results. *Town of Scituate* v. *O'Rourke,* 103 R.I. 499, 512-13, 239 A.2d 176, 184 (1968); *Zannelli* v. *DiSandro,* 84 R.I. 76, 121 A.2d 652 (1956).

The petitioner also claims that this distinction between licensees convicted in and out of Rhode Island denies him equal protection of the laws. However, the General Assembly has the power to differentiate among licensees if the resulting classification bears a rational relationship to the evident purpose of the statute. A legislative classification does not require strict scrutiny unless it "impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Massachusetts Board of Retirement* v. *Murgia,* 427 U.S. 307, 312, 96 S. Ct. 2562, 2566, 49 L. Ed. 2d 520, 524 (1976). The right to operate a motor vehicle is not fundamental. *Berberian* v. *Petit,* 118 R.I. 448, 454, 374 A.2d 791, 794 (1977). Resident licensees convicted of driving offenses outside of Rhode Island do not constitute a suspect class within the meaning of that term. *Id.* at 453-54, 374 A.2d at 794.

Mr. Beaudoin has no objections to the substance of §31-11-3. He challenges the Legislature's designation of the registry as the authority setting the term of revocation. He claims denial of equal protection because §31-11-6(3) mandates judicial participation in the case of an in-state offender. We do not agree. We can easily discern a rational purpose for this distinction. The recommendation required by §31-11-6(3) is a by-product of the sentencing procedures. The sentencing court has before it the facts necessary to assess the offender's fitness to drive. This situation does not hold

true when the revocation proceeding results from an out-of-state conviction. The Rhode Island courts have had no contact with the offender or the circumstances surrounding his conviction. The time required to review the matter and make an intelligent recommendation would result in a poor use of judicial resources. The General Assembly deemed it advisable to delegate this responsibility to the Registry of Motor Vehicles. We conclude that the General Assembly did not act irrationally or unreasonably in its selection of the registry as the proper authority to administer the provisions of §31-11-3.

The petition is denied and dismissed, the writ of certiorari heretofore issued is quashed, and the record certified to this court is ordered returned to the District Court with our decision endorsed thereon.

*F. Monroe Allen*, for petitioner.

*Stephen F. Mullen*, Chief Special Counsel, Office of Special Counsel, Department of Transportation, for respondent.