Herbert D. **FRAZIER**

v.

Eugene P. **PETIT, Jr., Registrar of Motor Vehicles.**

No. 83-523-M.P.

Supreme Court of Rhode Island.

June 3, 1986.

---

Bruce A. Wolpert, Hines, Patz & Wolpert, Inc., Alan R. Tate, Iannucillo & Hines, Inc., Providence, for petitioner.

Thomas F. O'Halloran, Office of Special Counsel, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is a petition for certiorari filed pursuant to the provisions of the Administrative Procedures Act, G.L. 1956 (1977 Reenactment) § 42–35–16, to review a judgment of the District Court that affirmed the decision of the Registrar of Motor Vehicles. The facts that gave rise to this action are as follows.

On January 3, 1983, while operating a motor vehicle on Main Street in Columbia, South Carolina, Herbert D. Frazier (plaintiff) was stopped by a South Carolina Highway Patrol officer and issued a traffic summons for driving under the influence of intoxicating liquor in violation of S.C. Code Ann. § 56–5–2930 (Law. Co-op 1977). He was subsequently arrested and brought to the police station where he voluntarily submitted to a breathalyzer test.[1] The plaintiff spent the night in the county jail, and the following morning he posted a bond in the amount of $100 and was given a date to appear in the Richland County Traffic Court in Columbia, South Carolina. The bail proceeding form signed by plaintiff set out the conditions of his release and also provided that if he failed to appear at the aforementioned hearing, a warrant for his arrest would be issued. Additionally, the form indicated that a separate charge for failure to appear would be instituted against plaintiff if he was not present at the hearing on January 12, 1983.

Because plaintiff was on vacation at the time of the arrest and was due back in Rhode Island the following day, he chose to forfeit the $100 bond in lieu of returning to court on January 12 to answer the charge against him.

The State of South Carolina provided the Rhode Island Department of Transportation with a copy of the summons issued pursuant to the arrest.[2] Consequently, on March 21, 1983, the Registrar of Motor Vehicles (registrar) for this state issued an order suspending plaintiff's license and

1. Throughout the proceedings, plaintiff has consistently maintained that the breathalyzer test administered to him on January 3, 1983, registered a blood-alcohol level of 0.14 percent, not 0.17 percent as maintained by the Registrar. The plaintiff also alleged that test results from an earlier breathalyzer test administered at the station were discarded by the officer who administered the test, and that a copy of those results was not given to plaintiff despite such a request.

2. In 1958 the United States Congress passed the Interstate Driver License Compact, Pub. L. No. 85–684, U.S. Statutes at Large, Vol. 72, authoriz-

ing the states to enter into a compact for the purpose of promoting safe driving on their respective highways. Consequently, a number of states enacted legislation authorizing the driver-license authorities in the respective states to take action against the driver license of residents who have been convicted of a traffic violation in a party state. As of this time, Rhode Island has not joined the Interstate Driver License Compact, although G.L. 1956 (1982 Reenactment) §§ 31–11–3 and 31–11–7 reach the same result. See Beaudoin v. Petit, 122 R.I. 469, 409 A.2d 536 (1979).

registration for a period of three months. The order, issued pursuant to G.L. 1956 (1982 Reenactment) §§ 31–11–3 to 31–11–7, provided a suspension for negligent driving based on a conviction of operation of a motor vehicle while under the influence of intoxicating liquor in South Carolina.

The plaintiff appealed to the District Court for a review of the registrar's decision. After reviewing the record and memoranda submitted by the parties, the District Court affirmed. Subsequently plaintiff filed a petition for the issuance of a writ of certiorari to this court to review the judgment of the District Court. The sole issue on appeal is whether the record indicates that plaintiff was convicted of an offense that would result in the suspension of the plaintiff's license.

The plaintiff contends that the Registrar's reliance on §§ 31–11–3, 31–11–7, and 31–32–4 and 31–32–5 was misplaced since a suspension pursuant thereto requires a conviction for driving while intoxicated. He maintains that a judgment of conviction for driving while intoxicated was not entered in his absence. He further contends that if he was convicted of any crime in South Carolina, it was for failure to appear before the court, a misdemeanor, which provides insufficient grounds to suspend a license in this state.

The registrar maintains that plaintiff's failure to appear before the Traffic Court in South Carolina to defend the driving-while-intoxicated charge amounted to a conviction of said offense which was sufficient to authorize the suspension of plaintiff's license. In support of his position, the registrar invoked §§ 31–11–3, 31–11–6, and 31–11–7, which provide in relevant part:

"31–11–3. Resident's conviction in another state.—The registry is authorized to suspend or revoke the license of any resident of this state * * * upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur."

"31–11–6. Mandatory revocation of license.—The license of any chauffeur or operator shall be forthwith revoked upon receipt by the registry of a record of such operator's or chauffeur's final conviction for any of the offenses hereinafter stated and the term of revocation shall be for the periods hereinafter enumerated:

\* \* \* \* \* \*

(3) Driving a motor vehicle while under the influence of intoxicating liquor, such period of time, if any, as may be ordered in the final sentence imposed by a court having jurisdiction to impose such sentence ."

"31–11–7.—Authority of registry to suspend license.—(a) The registry is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

\* \* \* \* \* \*

(7) has committed an offense in another state which if committed in this state would be grounds for suspension or revocation.

Such suspension shall be for such length of time, not exceeding one (1) year, as the registry shall determine is necessary in order to protect public safety and welfare based upon its findings of the circumstances under which the offense was committed, the likelihood of recurrence and the deterrent effect that might reasonably be expected to result from the hardship a suspension or prospective suspension would entail."

Moreover, the registrar cites § 56–1–10 of the South Carolina Code of Laws, which defines conviction as follows:

"(11) 'Conviction:' Shall include the entry of any plea of guilty, the entry of any plea of nolo contendre and the forfeiture of any bail or collateral deposited to secure a defendant's appearance in court."

In *Beaudoin v. Petit,* 122 R.I. 469, 409 A.2d 536 (1979), this court upheld the constitutionality of §§ 31–11–3, 31–11–7(a)(4) and 31–32–4 and 31–32–5 where a Rhode Island driver was convicted of operating a motor vehicle while under the influence of intoxicating liquor in the state of Connecticut. However, the instant plaintiff does not challenge the constitutionality of the suspension provisions. Instead, plaintiff contends that his absence on January 12, 1983, from the Traffic Court precluded a conviction on the driving-while-intoxicated charge.[3]

It is undisputed that § 31–11–3 empowers the registrar to revoke a resident's license upon receiving notice of an extraterritorial offense that would, if committed here, provide sufficient grounds for revocation. However, failure to appear to answer a charge in Traffic Court is not such an offense in Rhode Island. While there may be merit in the registrar's contention that plaintiff's absence at the January 12, 1983 hearing in South Carolina was sufficient to satisfy a conviction of driving while intoxicated, the only clear evidence on the record before us is a photostatic copy of the uniform traffic ticket issued by the South Carolina State Highway Patrol on January 3, 1983. Although an exemplification of the record supporting a foreign conviction is sufficient for purposes of admissibility, *Mills v. Duryee,* 11 U.S. (7 Cranch) 481, 3 L. Ed. 411 (1813), a copy of a traffic summons, standing alone, is clearly insufficient evidence of a conviction. Most jurisdic-

tions follow the common-law rule that where either an original record or a copy thereof is offered into evidence in another court, it is essential that proof of both identity and authenticity be made. *Owings v. Hull,* 34 U.S. (9 Pet.) 607, 9 L. Ed. 246 (1835); *Wickersham v. Johnston,* 104 Cal. 407, 38 P. 89 (1894); *Commonwealth v. Eastman,* 55 Mass. (1 Cush.) 189 (1848). As a general rule, most states will countenance the admissibility of a copy of the original record of a judgment or conviction when a duly authorized clerk, as custodian of the court's records, authenticates the copy by his certificate over his official signature and by affixing the seal of the court. *See State ex rel. Devening v. Bartholomew,* 176 Ind. 182, 95 N.E. 417 (1911); *Kelly v. Wolfer,* 119 Minn. 368, 138 N.W. 315 (1912); *State v. St. Clair,* 262 S.W.2d 25 (Mo. 1953). However, when a copy of a judgment is an incomplete copy of the proceedings or lacks either the requisite authentication or seal of the court, it should not be admitted into evidence and considered by the trier of fact. *Slocinski v. Radwan,* 83 N.H. 501, 144 A. 787 (1929); *Ehrlich v. Mulligan,* 104 N.J.L. 375, 140 A. 463 (1928); *Thelen v. Thelen,* 281 S.E.2d 737 (N.C. Ct. App. 1981). In the instant case there was no certification, authentication, or official seal of the State of South Carolina. A photostatic copy of a uniform traffic ticket falls far short of the necessary quantum of evidence to establish a conviction.

---

**3.** The plaintiff in his argument relies on our earlier decisions in *State v. LaChappelle,* 424 A.2d 1039 (R.I. 1981), and *State v. Brown,* 121 R.I. 422, 399 A.2d 1222 (1979), to support the contention that his absence at the January 12, 1983 hearing in South Carolina precluded an entry of a conviction against him. While it is true that a criminal defendant does have the right, both under the Sixth Amendment and the due-process clause of the Fourteenth Amendment, *Faretta v. California,* 422 U.S. 806, 818–19 & n. 15, 95 S. Ct. 2525, 2532–33 & n. 15, 45 L. Ed. 2d 562, 272–73 & n. 15 (1975), and art. I, sec. 10, of the Rhode Island Constitution, and *Trombley v. Langlois,* 91 R.I. 328, 332, 163 A.2d 25, 28 (1960), to be in attendance at all stages of

a trial where his absence may impair the fairness of the proceedings, this right is not absolute. Where, as here, the accused voluntarily absents himself from the proceedings, courts have not been reluctant to find that this right to be present has been waived. *See Taylor v. United States,* 414 U.S. 17, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973) (defendant's voluntary absence from trial serves to operate as a waiver of the constitutional right to be present); *Cureton v. United States,* 396 F.2d 671, 676 (D.C. Cir. 1968)(a voluntary absence may be found where defendant is aware of both the process taking place and his obligation to be present and has no sound reason for not attending the proceedings).

Absent any evidence of a conviction in the records before us, and because of the complete lack of certification or authentication, we are compelled to find that the District Court justice erred in affirming the registrar's suspension order.

Consequently, the petition for certiorari is granted, the order affirming the suspension is vacated, and the records certified to us are remanded to the District Court with our decision endorsed thereon.