STATE

v.

Gregory J. ACCIARDO.

No. 95–419–M.P.

Supreme Court of Rhode Island.

May 2, 1997.

F. O'Halloran, Jr.

Louis Cioci, Providence.

## ORDER

This matter came before the Supreme Court on April 10, 1997, pursuant to an order that directed both the petitioner, the State of Rhode Island, and the respondent, Gregory J. Acciardo, to show cause why the issues raised in the state's petition should not be summarily decided. The state has petitioned for certiorari to review a decision of the Appeals Court Panel (appeals panel) of the Administrative Adjudication Court that reduced the respondent's license suspension from three years to one year.

After reviewing the memoranda of the parties and after hearing the arguments of counsel, this Court is of the opinion that cause has not been shown, and the petition will be decided at this time.

In March 1993, respondent, a Rhode Island resident with a Rhode Island driver's license, was involved in an automobile collision in Massachusetts which resulted in the death of another driver. The respondent subsequently pleaded guilty in Massachusetts to a misdemeanor charge of "negligent homicide by motor vehicle." Mass.Gen.L. ch. 90, § 24G(b). Pursuant to the Interstate Driver License Compact, see *DePasquale v. Harrington,* 599 A.2d 314, 317 (R.I.1991); G.L.1956 § 31–29–6, Massachusetts officials notified the Rhode Island Division of Motor Vehicles (division) of respondent's conviction. Based on respondent's conviction in Massachusetts, the division, relying on its authority under G.L.1956 §§ 31–11–3 and 31–11–6(1), suspended petitioner's license for three years for having engaged in conduct that, had it occurred in Rhode Island, would have violated G.L.1956 § 31–27–1, entitled "Driving so as to endanger, resulting in death."

The three-year suspension was upheld by an Administrative Adjudication Court trial judge, but the appeals panel reduced the suspension to one year. The appeals panel reasoned that the division had improperly equated the negligence standard under the Massachusetts statute with the more demanding recklessness standard required under the Rhode Island statute. Because the conviction in Massachusetts demonstrated no more than that defendant had committed "ordinary negligence," *see Commonwealth v. Jones,* 382 Mass. 387, 416 N.E.2d 502, 504 (1981) ("finding of ordinary negligence suffices to establish a violation of the statute"), he could not be deemed by virtue of his Massachusetts conviction to have been guilty of the "reckless disregard" required under § 31–27–1. The appeals panel then reduced the suspension to one year, citing as authority G.L. § 31–11–7, which permits the registry to suspend a driver's license for up to one year upon the happening of certain numerated events.[1]

On review, this Court will examine whether the appeals panel properly applied the standard of review set forth in G.L.1956 § 31–43–4(f). *Link v. State of Rhode Island,* 633 A.2d 1345, 1348 (R.I.1993). "The appeals panel's decision will not be reversed unless we decide the panel 'misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong.'"

---

1. The appeals panel specifically relied on § 31–11–7(a)(2), which purports to give the registry authority to suspend a driver's license for up to one year when the licensee "[h]as been involved as a driver in any accident resulting in the death or personal injury of another." In *Fitzpatrick v. Pare,* 568 A.2d 1012 (R.I.1990), this Court struck down section (a)(2) as unconstitutionally vague. Neither party has raised the issue of the statute's constitutionality, and accordingly we will not rest our decision upon this ground. We note, without deciding, that other sections of § 31–11–7(a), read in light of § 31–11–3, might be interpreted as conferring upon the registry the authority to suspend a Rhode Island driver's license based on negligent operation of a motor vehicle in another state.

*Id.* (quoting *Brum v. Conley*, 572 A.2d 1332, 1335 (R.I.1990)).

In this case, we cannot say from our review of the record and of the applicable law that the appeals panel misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong. The record is practically devoid of any competent evidence of respondent's conduct in Massachusetts leading to his conviction.[2] Given this lack of evidence, we are unable to determine that respondent's behavior in Massachusetts constituted anything more than ordinary negligence, which is the minimum required for a conviction under the Massachusetts statute. Consequently, we conclude that the appeals panel did not err in refusing to impose upon respondent a more severe suspension requiring reckless disregard.

Consequently, we deny the petition for certiorari, quash the writ previously issued, and affirm the decision of the Administrative Adjudication Court Appeals Panel, to which we return the papers in this case.

---

**2.** The only evidence describing the accident comes from an uncertified copy of the transcript of the sentencing proceedings before the Fall River District Court of the Commonwealth of Massachusetts. Assuming this were competent evidence for purposes of license suspension, the document includes the Massachusetts prosecutor's statement that defendant had no recollection of the accident due to his own injuries, there was no evidence of drug or alcohol use, he was

not driving at an excessive speed (he was driving in the vicinity of "fifty to fifty-two" in a fifty mile-per-hour zone), and the evidence, including respondent's statements at the scene, indicated that he fell asleep at the wheel. This Court is of the opinion that the appeals panel could reasonably have concluded that these facts did not amount to the felony charge of driving to endanger, death resulting, under § 31–27–1.