DECISION
Before this court is an appeal from a November 29, 1999 decision by the Rhode Island Department of Administration (Department), affirming an earlier decision by the Rhode Island Dealers' License and Regulations Office (Dealers' Office) charging the appellant with violating G.L. 1956 § 31-5-11 (1), (3), (10), (11). The appellant seeks reversal of the decisions of the Dealers'Office and the Department. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS/TRAVEL
On June 17, 1999, the complainant, Dr. Anait Azarian, negotiated the sale of her 1996 Nissan Altima with representatives of the appellant, Nissan of Smithfield, Inc. Pursuant to the negotiation, the appellant agreed to assume the remaining six months on the lease of the '96 Altima, while the complainant agreed to purchase a 1998 Nissan Altima for $16,760.00.[1] The appellant's representative, Mr. Frank Flynn, assured the complainant that she would not be charged for any extra mileage on the '96 Altima as he would sell the car back to Nissan Motor Corporation (NMC) for its current value of $11,959.80. (Tr. at 2.) The complainant and appellant memorialized the agreement with no reference, however, to the mileage agreement. Subsequently, at the end of the complainant's lease term, she received a liability bill for excess mileage from (NMC) of $2,997.99.
On July 22, 1999, a show cause hearing was held before the Dealers' Office. The appellant claimed that no agreement existed concerning the excess mileage. The appellant argued that such an agreement would normally be memorialized on the purchase and sale agreement (PSA), and since there was no reference to excess mileage on the PSA, no agreement existed. Additionally, the appellant argued that the complainant's version of events rests exclusively on extrinsic oral evidence, and since this testimony directly contradicts the agreement memorialized in the PSA, the Dealers' Office should not have considered it.
On August 2, 1999 the Dealers' Office found in favor of the complainant, holding that the appellant had violated G.L. 1956 §31-5-11 (1), (3), (10), (11) which provide in pertinent part:
 "The Department may deny an application for a license, or suspend or revoke a license after it has been granted, for the following reasons:
 (1) On proof of unfitness of applicant to do business as a motor vehicle dealer;
 (3) For any willful failure to comply with the provisions of this section or with any rule or regulation promulgated by the department under §§ 31-5-1 to 31-5-20;
 (10) For having indulged in any unconscionable practice relating to business as a motor vehicle dealer;
 (11) For having violated any law relating to the sale, distribution, or financing of motor vehicles."
The Dealers' Office directed the appellant to pay the complainant the $2,997.99 charged to her by NMC. The appellant appealed this decision to the Department pursuant to G.L. 1956 § 31-5-21, and on November 29, 1999 the Department affirmed the decision of the Dealers' Office. On December 21, 1999 the instant appeal timely followed pursuant to G.L. 1956 § 42-35-15(g).
 STANDARD OF REVIEW
The Administrative Procedures Act, G.L. 1956 § 42-35-15 provides for judicial review of the Dealers' Office's and the Department's decisions by this Court. The Act provides in pertinent part:
 (a) any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter. (f) The review shall be conducted by the court without a jury and shall be confined to the record. (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences [sic], conclusions, or decisions are : (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error or law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In essence, the reviewing court gives deference to the decision of the administrative tribunal.
The reviewing court may vacate the decision of the tribunal if it is "clearly erroneous in view of the reliable, probative and substantial evidence contained in the whole record." Costa v. Registrar of Motor Vehicles, 543 A.2d 1307 (R.I. 1988). Additionally, the Court conducts a de novo review of questions of law. "The court does not weigh evidence or findings of fact but merely reviews them to see whether they support the agency's decision." St. Pius Parish Corp. v. Murray, 557 A.2d 1214 (R.I. 1989). "If there is sufficient competent evidence in the record, the court must uphold the agency's decision." Johnston Ambulatory v. Nolan,755 A.2d 799 (R.I. 2000).
 EVIDENTIARY STANDARD
The appellant argues that the complainant presented no admissible evidence to the Dealers' Office to demonstrate that the appellant agreed to pay for any excess mileage. It is the appellant's contention that because the complainant's case is supported solely by extrinsic oral evidence that directly contradicts the PSA, the Parol Evidence Rule should have prevented the Dealers' Office from considering such evidence in arriving at its determination.
It is well settled in our jurisprudence that administrative tribunals are not rigidly bound by the same rules of evidence that govern formal court proceedings. The restrictions that are found in the Rhode Island Rules of Evidence (RIRE) on the admissibility of hearsay and parol evidence, for example, in a court proceeding, reflect an attempt to maintain the integrity of our jury system. While jurors' exposure to improperly influential evidence should be limited, administrative tribunals rarely need such safeguards. It is agreed that such tribunals may "take into account evidence that would be excluded from a trial by jury if it would be prudent to do so, given the requirements of the statute being enforced."
DePasquale v. Harrington, 599 A.2d 314 (R.I. 1991). All one must do is look to our general laws to find that it was not our legislature's intent to "proscribe the reception of incompetent evidence along with `irrelevant, immaterial, or unduly repetitious evidence.'" Id. at 316; see also, G.L. 1956 § 42-35-10(a).
Other examples of this liberal allowance of evidence in administrative tribunals may be found in the federal Administrative Procedures Act (APA), from which the Rhode Island version has emanated.
Here the act provides that "any oral or documentary evidence may be received, but every agency shall as a matter of policy provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence." 2 Charles H. Koch, Jr., Administrative Law and Practice, § 5.52(1) at 172 (1997 2nd. Ed.)
In the present case, the Dealers' Office possessed discretion to allow evidence that it deemed to be both relevant and of a form consistent with the mandates of G.L. 1956 § 42-35-10. The Dealers' Office heard the admission of the complainant's oral testimony regarding the alleged promise of the appellant to assume responsibility for payment of any excess mileage on the leased vehicle. Said testimony, which, albeit contradictory to that of the PSA, was within the statutory authority of the agency to admit and did not constitute an abuse of discretion.
WITNESS CREDIBILITY
In addition to possessing discretion to allow admission of otherwise inadmissible evidence, the administrative tribunal also assesses credibility. The tribunal hears witnesses' live testimony and is in the best position to decide the issue of credibility. In an agency review involving a two-tier level of scrutiny, as here, where the Dealers' Office decision is reviewed by the Department, it is the Dealers' Office which "hears testimonial and documentary evidence from all affected parties." See, Environmental Scientific Corp. v. Durfee, 621 A.2d 200
(R.I. 1993). Accordingly, this Court affords considerable deference to the fact finding of the Dealers' Office which was "privileged personally to hear or witness the broad spectrum of information that entered the widest end of the funnel." Id. at 208. Accordingly,
 "when credibility evaluations are implicated, [the Supreme Court has] imposed a standard of review upon the appellate division that requires it to defer to the evidentiary findings of the trial judge. Before disturbing findings based on credibility determinations, the appellate division must first find that the trial judge was clearly wrong."
Id. at 206. Although the administrative tribunal need not explain in detail how much weight was given to different pieces of evidence, a "logical bridge" must be built between the evidence presented and the conclusion reached by the tribunal. Koch, Administrative Law and Practice, § 5.64(1) at 226.
After reviewing the record it is clear that the Dealers' Office's findings were "rationally based" on their credibility judgment regarding the complainant. Id. at 225. The Dealers' Office, being in the best position to make such determinations, found the complainant's version of events more credible than that of the appellant. The appellant argues that at no time did its representative indicate to the complainant that the appellant would assume responsibility for a balance which might result from excess mileage on the '96 Altima. However, as the transcript to the hearing indicates, the two representatives of the appellant who dealt with the complainant did not testify at the hearing, leaving the Dealers' Office to consider only the PSA against the statements of the complainant and her witnesses. Furthermore, the fact that the vehicle was not turned in to NMC by the appellant between the time the latter assumed the lease and the end of the lease term indicated to the Dealers' Office that the appellant intended to "get the money back" on the vehicle by reselling it to the public, thus fetching a higher price for the vehicle than if they had simply turned the vehicle in to NMC. (Tr. at 20.)
Essentially, the Dealers' Office believed that the representatives of the appellant led the complainant to believe that the former would assume responsibility for any excess mileage on the '96 Altima and would promptly deliver the vehicle to NMC so that no excess mileage would be charged to the complainant. Id. Accordingly, the final decision of the Department was supported by the reliable, probative, and substantial evidence of record and did not constitute an abuse of discretion.
 CONCLUSION
After review of the entire record, this Court finds that the Department acted well within its discretionary powers granted to them under the laws of the State of Rhode Island. The Dealers' Office fulfilled its duty to consider all properly offered evidence in a rational manner, especially the oral evidence presented by the complainant. Their decision was based on competent evidence, and the link between such evidence and the resulting decision is a strongly established one. The Dealers' Office's decision is not arbitrary or capricious or characterized by an abuse of discretion . . . is [not] affected by error of law and is [not] clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. See, G.L. 1956 § 42-35-15 (5), (6).
Accordingly, the final decision of the Department is hereby affirmed. Counsel shall submit the appropriate judgment for entry.
[1] This price was discounted from $18,760.00 by a $2,000 rebate.