UNION TRUST COMPANY, Trustee *vs.* IRENE T. CAMPI *et als.*

JUNE 20, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This bill in equity is brought by the complainant as substituted trustee under the trusts created by the will of Gustave J. Vester, late of the city of Providence.

The trustee prays for instructions relative to the disposition of the income from the trust funds. All parties interested in said trusts have been made parties respondent. Guardians *ad litem* were duly appointed to represent the minor respondents and have duly filed answers. The cause being ready for hearing for final decree has been certified by the Superior Court to this court for determination as required by § 4968, General Laws, 1923.

It appears in the record that the testator died September 7, 1920. His will was dated July 19, 1920 and was admitted to probate October 19, 1920. Surviving the testator were his wife, Mildred and their son Wilbur, born March 9, 1917.

A daughter Gertrude was born to the widow January 26, 1921—six months and seven days after the date of the will.

August 24, 1915, the Municipal Court of the city of Providence granted the petition of Mr. Vester (then an unmarried man) to adopt Irene T. Galligan, born March 6, 1909, after her mother (she being the only living parent of said child) had consented in writing to said adoption, and ordered her name changed to that of Irene T. Vester. This adopted daugher was nearly eleven and one-third years old when Mr. Vester executed his will. It is averred in the bill that she married a man named Campi and now resides in California.

Complainant avers that Mrs. Campi claims to be entitled as one of the children of the testator to one-third of the net income of his residuary estate which it holds in trust under the third and fourth clauses of his will and that it is in doubt whether her claim is valid. Mrs. Campi, by her guardian *ad litem*, has filed an answer in which she alleges certain facts but no proof of the alleged facts has been filed, although it appears in the record that on motion of her solicitor a *dedimus* was issued to take her deposition. Her guardian *ad litem* admits that his ward has no right to share in the income from the trust fund created by the third clause but does claim that she is entitled to share in the income from the trust fund created by the fourth clause. The two children of Gustave J. Vester and Mildred Vester, by their guardian *ad litem*, have filed an answer in which they claim they are entitled to the net income of the trust fund created by the third and fourth clauses of the will of their father and that Mrs. Campi is not entitled to any portion of said income. These conflicting claims require a construction of the entire will of Mr. Vester in order to determine his intention as expressed therein. The will was probably drawn by an attorney, as it appears to have been carefully written, and was witnessed by an attorney who is now deceased.

The intention of the testator must be determined from the language of the will as there is no evidence of the facts and circumstances surrounding him at the time of its execution.

Testator disposed of his entire estate by three clauses. By the second clause he gave to his "adopted daughter, Irene T. Vester, the sum of One Dollar ($1.) in cash." His plan was to divide the remainder of his property equally between his wife and their children on condition that she did not marry until their youngest child attained the age of twenty one years. When testator executed his will he probably knew that his wife was with child and intentionally made provision for any children born after the execution of his will. By so doing he avoided any objection to his will on the ground that, through accident or mistake, he had omitted to provide for such children.

By the third clause testator gave one half of the residue of his property to his wife, Mildred Vester, to her, her heirs and assigns forever, provided she lived and did not remarry while his son Wilbur R. Vester "or any other child born hereafter has, if living, not attained the age of twenty one years." In the event of her death or remarriage while his son "or any other child born hereafter, if living, has not attained the age of twenty one years" then he gave such of said trust property as then remained to complainant "in trust for my said son and any other child born hereafter, and living, until the youngest child attains the age of twenty one years" and then said trust was to terminate and said trust property was to be given "to them, their heirs and assigns forever in equal parts." Said clause further provided, in case of the death of all of said children before the youngest living attained the age of twenty one years, leaving issue of their bodies, for an absolute gift of said trust property to said issue in equal parts and, in default of such issue, to said Mildred Vester, if living, otherwise to the brother and sister of the testator or the survivor in fee simple.

Testator disposed of the remaining half of his property by the fourth clause, saying: "If at my decease all my children have attained the age of twenty-one years, then I give, devise and bequeath the remaining one-half of my residuary property and estate to my said children, to them, their heirs

and assigns forever in equal parts; but if at my decease my youngest child living has not attained the age of twenty one years" then testator gave said one half of said residuary property to his wife, Mildred, if she survived him, "in trust for my said children until the youngest child living attains the age of twenty one years" and then the trust was to terminate and said trust property was to be given "to my said children, absolutely, in equal parts." Said clause also provided that "if all of my children die before me, and there is issue of their bodies, or if they survive me and die before the youngest attains the age of twenty one years and there is issue of their bodies," said trust property was to be given to the issue of their bodies absolutely in equal parts, and in default of such issue to said Mildred Vester, if living, otherwise to the brother and sister of the testator, or the survivor, in fee simple.

In the third and fourth clauses the testator directs his trustee to apply the income, and so much of the trust property as may be necessary "for the maintenance, support and education of my said children."

By the sixth clause testator directed that: "If at any time a guardian is to be appointed for any of my children, it is my wish that the mother, Mildred Vester, if unmarried, be such guardian," but if she became married or unable to act as such guardian, then complainant was to be selected as such guardian.

The widow, Mildred Vester, remarried, October 29, 1922, and thereby forfeited her absolute right to the trust property under the third clause and her right to be trustee under said will, and a decree was entered in the Superior Court, March 12, 1924, stating that since her remarriage complainant has been and is trustee under said third and fourth clauses.

It is clear that under the express terms of the third clause testator intended that his wife should receive one half of his residuary estate, absolutely, provided she did not die or remarry before their youngest child should attain the age of

twenty one years and that in the event of her death or remarriage their children should be the sole beneficiaries of this half of his residuary property.

Did the testator intend to include his adopted daughter as a beneficiary under the fourth clause which he commenced by saying: "If at my decease all my children have attained the age of twenty one years then I give, devise and bequeath the remaining one half of my residuary property and estate to my said children, to them their heirs and assigns, forever?"

The statute of adoption in this State creates a status and a relationship unknown to the common law. *Batcheller-Durkee* v. *Batcheller*, 39 R. I. 45. In *re Truman*, 27 R. I. 209, the "question presented for determination is, who were the 'children or issue of Nesbit Bowes deceased' in the mind of the testatrix at the time she made her will, and did she intend to include a child by adoption?" The court found there was a latent ambiguity in the use of the words "children or issue" and permitted parol evidence as to the intention of the testatrix in the use of said words "children or issue of my brother Nesbit Bowes, deceased." After examining the evidence the court was of the opinion that no distinction whatever was made by the testatrix between the natural born child of her brother and his adopted daughter and that the testatrix intended to include the adopted daugher in her will as one of the children of her brother.

The word "children" does not usually include an adopted child, notwithstanding a statutory provision investing an adopted child with the right of inheritance from the adopting parent, unless it is manifest from the language of the will and the surrounding circumstances, as in connection with such a statute, that the testator intended to include such child. 40 Cyc. 1452; *Melek* v. *Curators of University of Mo.*, 250 S. W. 614; *Redmond* v. *Gummere*, 119 A. (N. J.) 631; *Day* v. *Webler*, 105 A. (Conn.) 618.

Nothing appears in the will before us to show that the testator used the word "children" in other than its strict and ordinary meaning, or that he meant to include within its meaning an adopted child. In fact, the testator made a distinction between his adopted daughter, Mrs. Campi, and his natural children by describing her in the second clause as "his adopted daughter."

In the third clause testator mentioned his son by name and referred to the child or children who might be born thereafter and made said children sole beneficiaries of the half of his residuary estate given to their mother, his wife, in case of her remarriage.

When the testator referred to "all my children" in the fourth clause and gave them the remaining half of his residuary estate he evidently had in mind the same children referred to in the third clause, and intended to make provision for them.

That testator did not intend to include his adopted daughter within the meaning of the word "children" as used in his will is further shown by the sixth clause when he said that "if a guardian is to be appointed for any of my children, it is my wish that the mother, Mildred Vester, if unmarried, be such guardian." By making the same provision for the "maintenance, support and education of my said children" in the fourth clause as in the third clause in the event that his wife remarried and in the ultimate disposition of all of his residuary estate in case of the death of his children without issue to their mother or his brother and sister the testator further showed his intention that his adopted daughter should not share in the distribution of his residuary estate.

Testator was legally bound to know that by his adoption of Irene T. Galligan she would be deemed the same, for the purposes of inheritance by her from him as if she had been born to him in lawful wedlock—§ 4184, G. L., 1923—and that, if he omitted to provide for her in his will, she would take the same share in his estate which she would have been

entitled to if he had died intestate, unless it appeared that the omission was intentional and not occasioned by accident or mistake—§ 4312, G. L., 1923—and that the burden of proving such omission was intentional would be upon those profiting by the omission. *Fischer, Jr., Gdn.* v. *Ennis, Sr. et al.*, 51 R. I. 47.

In order to prevent the application of the statute last cited it is not unusual for a testator to state in his will that the omission of his child is intentional or to make a bequest of a small sum to such child. We have no testimony to show the feelings or relations existing between the testator and his adopted daughter at the time of the execution of his will. For reasons satisfactory to himself, testator bequeathed to his adopted daughter one dollar in cash. Standing alone this bequest amounts to a disinheritance. If the testator intended that his adopted daughter should receive more of his estate it would have been unnecessary for him to have made this small bequest to her.

For the reasons stated our determination is that the testator did not intend to include his adopted daughter within the meaning of the word "children" as used in the third and fourth clauses of his will and that she is not entitled to share in the income from the trust estate created by said clauses.

June 24, 1930, at 9 o'clock, a. m., Standard time, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*Gardner, Moss & Haslam,* for complainant.

*Ralph M. Greenlaw, for* Edwin J. Tetlow, Guardian *ad litem,* for respondent Campi.

*Edward W. Day,* Guardian *ad litem,* for respondents Vester.