## In re NICHOLAS.

### No. 82–428–Appeal.

Supreme Court of Rhode Island.

April 7, 1983.

John R. Payne, Jr., Westerly, for petitioner.

Adamo & Newman, Edward H. Newman, Westerly, for respondent.

### OPINION

**WEISBERGER, Justice.**

This case comes before us on a motion made by adoptive parents to affirm a judgment of the Family Court denying the natural grandfather of an adopted child standing to participate in the adoption proceedings and standing to obtain visitation rights. We grant the motion and affirm. The facts are as follows.

Nicholas was born out of wedlock on March 29, 1978. Subsequently Nicholas's mother married petitioner who sought to adopt the child by petition filed October 5, 1981. Notice was sent to the natural father in care of the grandfather. The natural father raised no objection to the adoption, but on the contrary cooperated in providing necessary information which was ultimately submitted to the court. Although his son did not object, the grandfather sought to intervene in the adoption proceeding and also sought visitation rights incident to his intervention. A justice of the Family Court denied the grandfather's motion to intervene on the ground that he had no standing to participate in the proceeding. At a subsequent hearing on June 22, 1982, the adoption petition was granted. The grandfather has filed a notice of appeal from the decree denying his motion to intervene and the order granting the petition for adoption. The grandfather's position in respect to the adoption is somewhat equivocal. He states in his brief that "[i]t is not his intention to necessarily prevent the adoption, but rather to participate in it so that the court can render a more intelligent decision which would hopefully provide for some visitation rights in the appellant."

As we stated in *In re Christine,* 121 R.I. 203, 205, 397 A.2d 511, 512 (1979):

"At common law adoption was unknown. *Union Trust Co. v. Campi,* 51 R.I. 76, 81, 151 A. 131, 133 (1930). Adoption and its legal consequences are purely statutory in origin * * *."

Our statutes in respect to adoption provide for notice to parents when an adoption petition is filed. General Laws 1956 (1981 Reenactment) §§ 15–7–8 and –9. Provision is made, in the event that a parent is under the age of eighteen, that a consent may not be given without the consent of one of the "parents, guardian, or guardian ad litem of

such minor parent * * *." Section 15–7–10. The statute provides for notice to a natural father, who is given an opportunity to appear and contest the proceeding. In the event that the father fails to appear, "the court shall enter an order terminating his rights with reference to the child." Section 15–7–26.

It would appear from this edifice of statutory provisions that the Legislature has expressed a clear intent. The persons who determine whether a child will be adopted or not are his parents. A natural father is given an opportunity to assert his rights if he chooses to do so. In the event that the natural father does not choose to exercise his rights, the court will terminate such rights with reference to the child. Thereafter, in accordance with § 15–7–17, such parent or parents "shall be deprived, by the decree, of all legal rights respecting the child, and the child shall be freed from all obligations of maintenance and obedience respecting his natural parents * * *." This provision makes it clear that the parents and those claiming under or through the parents whose rights are terminated shall have no further legal rights in respect to the adopted child. Consequently, the decision of the natural father not to contest the adoption petition was conclusive upon him and upon all who might claim by, through, or under him. This result would also be applicable to the grandfather.

Among the rights terminated by adoption would be the right of visitation. As we stated in *In re Christine, supra,* in commenting upon the shield of confidentiality:

"[This] permits the formation of a relationship with the new parents that hopefully can 'bloom and grow forever,' free of the threat of outside interference that can be posed by the appearance of a natural, well-intended parent who just wishes to drop by and see or talk to his or her offspring." 121 R.I. at 206, 397 A.2d at 513.

This observation would apply even more forcefully to the request by a grandparent of an adopted child for rights of visitation.

If the right of visitation sought is independent of the adoption procedure, we must respond as this court did in *Ryan v. DeMello,* 116 R.I. 264, 266, 354 A.2d 734, 735 (1976), when we observed that visitation rights may be granted to relatives other than parents only when specifically authorized by statute. The General Assembly has authorized visitation by grandparents under two well-defined circumstances: (1) by miscellaneous petition in the event that the child of the grandparents is deceased, § 15–5–24.1, and (2) in a divorce proceeding in the event that a noncustodial parent fails to exercise his or her visitation rights under circumstances in which the grandparent is the parent of the noncustodial parent, § 15–5–24.2, as enacted by P.L.1981, ch. 100, § 1. Neither of the foregoing statutes is applicable to the case at bar. As a consequence, the trial justice was correct in determining that the grandfather had no standing to participate in the adoption proceeding or to seek rights of visitation.

For the reasons stated, the grandfather's appeal is denied and dismissed, and the ruling and decree of the Family Court are affirmed. The papers in the case may be remanded to the Family Court.