Phyllis GREENHALGH

v.

The CITY COUNCIL OF the CITY OF CRANSTON et al.

No. 91–161–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1992.

Richard Skolnik, Lipsey & Skolnik, Providence, for plaintiff.

William F. Holt, Kirshenbaum & Kirshenbaum, Cranston, Angelica Gosz, Retirement Bd., for defendants.

## OPINION

WEISBERGER, Justice.

This case arises from a question certified to this court from the Superior Court of Rhode Island pursuant to G.L.1956 (1985 Reenactment) § 9–24–27. The facts as relevant to the certified question are as follows.

The plaintiff, Phyllis Greenhalgh, is employed as a paraprofessional teacher's aide in the school system of the City of Cranston. In July of 1990 the General Assembly made early-retirement incentives available to eligible employees in the Rhode Island employees' retirement system (retirement system) under the provisions of Article 80 of the 1990 Budget Act, P.L. 1990, ch. 65, art. 80. The plaintiff met the age and service requirements to receive benefits under the legislation and subsequently sought early retirement. Under the terms of Article 80, school committees, municipal councils, and other designated bodies were given the option of prohibiting their employees from obtaining these benefits through the timely passage and transmission of a resolution to the Director of Administration of the retirement system. Sections 3 and 4 of Article 80, which conferred upon these public employers the authority to so act, provided as follows:

"Section 3. The benefits provided by this article shall not be available to members who are *teachers* in a particular community if, prior to fourteen (14) days after the passage of this act, *the school committee of said community* shall have passed and transmitted to the Director of Administration a resolution excluding said members from the benefits provided by this Article.

"Section 4. The benefits provided by this article shall not be available to members who are *municipal employees* in a particular community if, prior to fourteen (14) days after the passage of this act, the *municipal council or appropriate government authority of the community* shall have passed and transmitted to the Director of Administration a resolution excluding said members from the benefits provided by this Article." (Emphasis added.)

On July 12, 1990, the Cranston City Council (City Council) adopted an appropriate resolution pursuant to Section 4 of Article 80 excluding the city's municipal employees from the early-retirement incentives afforded by the 1990 Budget Act. The Cranston School Committee (School Committee), however, did not enact a similar resolution under Section 3 of Article 80 preventing teachers in Cranston from obtaining these benefits. In reliance on the City Council's action, the Retirement Board of the Rhode Island employees' retirement system (Retirement Board) refused plaintiff's request for benefits under the provisions of the 1990 Budget Act.

The plaintiff subsequently sought injunctive relief in the Superior Court of Rhode Island, joining the City Council and the Retirement Board as co-defendants. The plaintiff asked the Superior Court to declare the City Council's resolution to be without force in regard to her request for benefits and asked that the Retirement Board be compelled to process her application. She maintained that the School Committee and not the City Council should be considered the "appropriate government authority" pursuant to Section 4 of Article 80 to have decided whether plaintiff, as a municipal employee working in the Cran-

ston school system, would be permitted to receive benefits under the 1990 Budget Act. Upon plaintiff's motion for summary judgment, the Superior Court certified to this court a question of law that, in the opinion of the trial judge, so affects the merits of this controversy that it should be resolved before further proceedings are held.

■■■ The question certified by the Superior Court is as follows:

Which of two elected bodies, the Cranston City Council or the Cranston School Committee, was the "appropriate government authority" as described in Section 4 of Article 80 of the 1990 Budget Act to determine whether plaintiff, a paraprofessional teacher's aide, would be excluded from the early-retirement incentives provided by the 1990 Budget Act?

After reviewing the terms of Article 80 and the General Assembly's power to apportion authority over matters affecting the public schools, we conclude that the City Council was the proper body to have made this determination.

A plain reading of Section 3 of Article 80 reveals that the General Assembly afforded school committees only the option to exclude "teachers" from the early-retirement incentives provided by the 1990 Budget Act. The eligibility of "municipal em-

ployees," including all other employees of the school system, to receive these benefits was to be determined under Section 4 by "the municipal council or appropriate government authority of the community." The plaintiff concedes that she is not a "teacher" as defined under G.L.1956 (1988 Reenactment) § 16–16–1(2).[1] Accordingly plaintiff must be considered a "municipal employee" in the case at bar. As such, the proper body to have decided whether plaintiff could take advantage of the early-retirement incentives made available by the 1990 Budget Act was the City Council. There is no question whatsoever as to the validity of the City Council's action under the terms of Article 80. "[W]hen the language of the statute is unambiguous and expresses a clear and sensible meaning, no room for statutory construction or extension exists, and we are required to give the words of the statute their plain and obvious meaning." *Ellis v. Rhode Island Public Transit Authority*, 586 A.2d 1055, 1057 (R.I.1991); *O'Neil v. Code Commission for Occupational Safety and Health*, 534 A.2d 606, 608 (R.I.1987). If the General Assembly intended school committees to pass upon the availability of benefits to school employees aside from teachers, it could have easily and unequivocally included that authority within the provisions of Section 3 of Article 80.

---

1. No definitions of "teacher" or "municipal employee" are included in the provisions of Article 80 of the 1990 Budget Act. We therefore look to that portion of the General Laws dealing with teachers' retirement to derive our usage of these terms in the case at bar. Under G.L.1956 (1988 Reenactment) chapter 16 of title 16 ("Teachers' Retirement"), those individuals considered "teachers" for purposes related to the retirement system are as follows:

"a person required to hold a certificate of qualification issued by or under the authority of the board of regents for elementary and secondary education and who is engaged in teaching as his or her principal occupation and is regularly employed as a teacher in the public schools of any city or town in the state, or any formalized, commissioner approved, cooperative service arrangement. The term shall include a person employed as a teacher, supervisor, principal, assistant principal, superintendent, or assistant superintendent of schools, director, assistant director, co-ordinator, consultant, dean, assistant dean, edu-

cational administrator, nurse teacher, and attendance officer or any person who has worked in the field of education or is working in the field of education that holds a teaching or administrative certificate and any substitute teacher who serves during a school year at least three-quarters (3/4) of the number of days that the public schools are required by law to be in session during the year. The term shall also include a school business administrator whether or not the administrator holds a teaching or administrative certificate." Section 16–16–1(2).

We have held that "an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed." *Murphy v. Murphy*, 471 A.2d 619, 622 (R.I.1984). As a paraprofessional teacher's aide, plaintiff is not included in this exhaustive list of people who are ordinarily deemed "teachers" for the operation of the retirement system. Consequently she has the status of a "municipal employee" in the instant case.

Despite the apparent clarity of Article 80's provisions, plaintiff asserts that the School Committee nonetheless ought to be deemed the appropriate body to have assessed whether plaintiff could receive the early-retirement incentives furnished by the 1990 Budget Act. In support of her argument, plaintiff calls our attention to the extensive power over public school affairs that school committees have been afforded under our statutes. *See generally* G.L.1956 (1988 Reenactment) § 16–2–9. *See also Exeter–West Greenwich Regional School District v. Exeter–West Greenwich Teachers' Ass'n.,* 489 A.2d 1010 (R.I.1985); *School Committee of Providence v. Board of Regents for Education,* 429 A.2d 1297 (R.I.1981); *Coventry School Committee v. Richtarik,* 122 R.I. 707, 411 A.2d 912 (1980); *Belanger v. Matteson,* 115 R.I. 332, 346 A.2d 124 (1975), *cert. denied,* 424 U.S. 968, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976); *Dawson v. Clark,* 93 R.I. 457, 176 A.2d 732 (1962). She contends that this wide-ranging authority to manage the ordinary operations of the public schools indicates that the General Assembly considered school committees to be "appropriate government authorit[ies]" as described in Section 4 of Article 80. As a consequence, plaintiff asserts that the School Committee had the sole discretion to determine the eligibility not only of teachers but also of all school personnel in Cranston for the benefits provided by the 1990 Budget Act. With this we must disagree. It is evident from the statutory language of Article 80 that the General Assembly did not intend school committees to pass upon the availability of these benefits to non-teachers.[2] It is of no significance in the case at bar that school committees have traditionally administered the overall business of the public schools. The General Assembly has the right under the Rhode Island Constitution to circum-

scribe the authority of school committees over educational affairs, and it plainly did so in this instance.

 The power of school committees is coextensive with the authority conferred upon them by the General Assembly to foster education as agents of the state. *See Peters v. Jim Walter Door Sales of Tampa Inc.,* 525 A.2d 46, 47 (R.I.1987); *Cummings v. Godin,* 119 R.I. 325, 330, 377 A.2d 1071, 1073 (1977); *Dawson v. Clark,* 93 R.I. at 461, 176 A.2d at 735; *Royal v. Barry,* 91 R.I. 24, 30–31, 160 A.2d 572, 575 (1960); *City of Pawtucket v. Pawtucket Teachers' Alliance,* 87 R.I. 364, 371, 141 A.2d 624, 628 (1958). School committees do not enjoy a residual font of power beyond the dimensions of this authority over matters that may incidentally have an impact upon school operations. The extent of their control over school affairs is fixed by their specifically enumerated powers and duties as set out in title 16 of the General Laws and elsewhere. The General Assembly, through its plenary power to apportion authority over public school interests, may either extend or narrow the scope of these provisions if it so chooses. It may proscribe school committees from acting at all in an area that relates to public school operations. *See* R.I.Const., art. XII. It is of no legal import that school committees formerly exercised authority in such an area or have been typically given control over related affairs.

The plaintiff points out correctly that school committees have generally been afforded control over matters bearing upon the day-to-day management of the public schools. In the instant case, however, the terms of Section 3 of Article 80 explicitly limit the role of school committees under the article to deciding only whether *teachers* may receive the early-retirement incentives provided by the 1990 Budget Act. As

**2.** We are persuaded that the "appropriate government authorit[ies]" designated in Section 4 of Article 80 are those entities that are empowered as "governing bodies" pursuant to G.L.1956 (1988 Reenactment) §§ 45–21–2(3) and (11) to opt municipal employees in or out of the retirement system itself. It should be noted that in some instances municipalities are defined in § 45–21–2(11) to include fire districts, water dis-

tricts, sewer districts and regional school districts which have independent appropriating and governing bodies. Because local school committees are not appropriating bodies for the cities and towns in which they function, they do not enjoy such power. Accordingly, they cannot possibly be considered "appropriate government authorit[ies]" under the provisions of Section 4 of Article 80.

we have made clear, the General Assembly may so restrict the functioning of school committees pursuant to its plenary power over the educational structure of the State. The plaintiff's reliance on the substantial authority previously granted school committees over personnel and financial matters related to the public schools is therefore unavailing.

It is not our function to consider whether it would have made more sense to have had the School Committee pass upon the plaintiff's eligibility for benefits. It is also irrelevant to our decision here that the provisions of Article 80 may have an incidental effect upon the operation of some school systems. Evaluation of these concerns is the prerogative of the General Assembly, and we may not review its judgment. In deciding as we do, we make no pronouncement about the degree of control given to school committees over other matters affecting the public schools. We merely hold that in the instant case the ability to determine whether non-teachers could receive benefits under the 1990 Budget Act was not bestowed upon school committees under the terms of Article 80 or as part of their powers enumerated elsewhere.

For the foregoing reasons we conclude that the Cranston City Council was the "appropriate government authority" pursuant to Section 4 of Article 80 of the 1990 Budget Act to have determined whether the plaintiff would be excluded from the early-retirement incentive provisions of the 1990 Budget Act. The papers in this case may be remanded to the Superior Court for further proceedings.