Salvatore **PULEO** et al.

v.

Eric D. **FORGUE** et al.

No. 92–95–Appeal.

Supreme Court of Rhode Island.

July 8, 1992.

William C. Clifton, Providence, for plaintiffs.

Robert J. Sgroi, Warwick, for defendants.

## OPINION

WEISBERGER, Justice.

This case arises from four questions certified to this court from the Family Court pursuant to G.L.1956 (1985 Reenactment) § 9–24–27. The facts insofar as relevant to the certified questions are as follows.

The plaintiffs are the maternal grandparents of a minor child whose mother is deceased. The defendant father, Eric D. Forgue, and his wife, defendant Mary D. Forgue, are the parents of the minor child in accordance with an adoption decree entered in June of 1990. Pursuant to G.L.1956 (1988 Reenactment) § 15–5–24.1 (the Grandparents' Visitation Statute), plaintiffs were initially granted visitation rights with the minor child in April of 1989, and those rights continued until suspended by an order of the Family Court in December of 1990. The plaintiffs did not receive notice of the adoption proceeding.

The plaintiffs filed another petition for visitation in June of 1991. The defendants moved to dismiss the petition, contending that no change of circumstances had occurred since the suspension of visitation and that plaintiffs had no standing to pursue the petition for visitation because the adoption had divested the grandparents of their visitation rights. After hearing the motion, the Family Court submitted the following questions for determination by this court:

"1. Whether the 1988 Amendment of the Grandparent Visitation Statute (§ 15–5–24.3) grants the grandparents, whose child is deceased, standing to intervene in an adoption proceeding filed by a surviving custodial parent and stepparent?

"2. Does Section 15–5–24.3 require that a grandparent who has been granted visitation under § 15–5–24.1 be provided with notice in an adoption proceeding by a surviving custodial parent and stepparent?

"3. Assuming that question # 2 is answered in the affirmative, and no notice is given to grandparents prior to the adoption, is the grandparent without notice to file a motion to vacate the adoption within one year?

"4. If, pursuant to Section 15–5–24.1, an order of visitation is granted, does the visitation order survive the adoption decree?"

After reviewing the terms of the adoption statutes and the Grandparents' Visitation Statute, we conclude that adoption has no effect upon visitation rights that were granted prior to the adoption. Because we consider our response to the final question determinative of the first three, we shall answer that question first.

## QUESTION 4

In answering the question of whether a pre-existing grant of visitation survives an adoption decree, we are required here to interpret a 1988 amendment to § 15–5–24.3. When statutory language of a statute is "'unambiguous and expresses a clear and sensible meaning, no room for statutory construction or extension exists, and we are required to give the words of the statute their plain and obvious meaning.'" *Greenhalgh v. City Council of Cranston*, 603 A.2d 1090, 1092 (R.I.1992).

The 1988 amendment to the Grandparents' Visitation Statute § 15–5–24.3(5) reads in pertinent part as follows: "[N]otice of any petition seeking a change in custody or visitation shall be served on petitioner." P.L.1988, ch. 200, § 1.

■ We are required to read the statutes respecting adoption and the Grandparents' Visitation Statute in pari materia so as to achieve a harmonious result. *DePasquale v. Harrington*, 599 A.2d 314 (R.I.1991). Considering the two statutes together, we conclude that an order of visitation made in favor of the grandparents will survive a subsequent adoption. This result is essential because in effect the adoption proceeding may not affect, limit, or constrain the right of visitation since the latter right

arises by order of court and can only be changed by an order of the court specifically directed to visitation. An adoption decree cannot in and of itself affect or limit previously granted visitation rights.

The 1988 amendment provides for notice to the grandparents of "change in custody or visitation." The Legislature, in providing for a notice of a change in circumstances that would affect the visitation, made it clear that the visitation rights would survive an adoption. We recognize that there may be circumstances in which an adoption will give rise to events that may lead to a request to modify or terminate pre-existing visitation rights—such as would be the case when the adoptive parents relocate—in which the effective result of the adoption might be to modify or terminate the grandparents' rights under the then-current visitation order. In the event that circumstances arising out of an adoption should require or be perceived to require modification or termination of visitation rights, the burden falls upon the adoptive parents to file a petition in Family Court seeking to modify or terminate the visitation rights. Unless and until a petition is filed and granted, pre-existing visitation rights are not affected by a subsequent adoption. We therefore conclude that if pursuant to chapter 5 of title 15 an order of visitation is granted, the visitation order survives a subsequent adoption decree.

## QUESTION 2

■ The second certified question also requires us to interpret the 1988 amendment to the Grandparents' Visitation Statute. We are of the opinion that § 15–5–24.3 does not require that a grandparent who has been granted visitation under § 15–5–24.1 be provided with notice of an adoption proceeding by a surviving custodial parent and a step-parent.

The plaintiffs argue that the Legislature, by amending the statute, intended that the grandparents be notified of *any* action in any court that would have an impact on the

previously awarded visitation rights. In effect, plaintiffs argue, adoption constitutes a "change in custody" within the meaning of this statute so that notice must be given in all cases of adoption. With this contention we disagree.

Although we recognize that an adoption has an impact on "custody" in the sense that it changes the nature of custody—for example, it may change sole to joint custody—we cannot say that such a change was intended by the Legislature to warrant notice of adoption to grandparents in all circumstances. The statute, in plain language, gives the Family Court the power to issue "necessary orders." We therefore do not read the statute to require all changes in custody to require notice but only those that would *necessarily* interfere with the pre-existing visitation rights. In the event that circumstances as a result of an adoption have the effect of requiring a modification or termination of the pre-existing visitation rights, it is incumbent upon the adoptive parent or parents to file a petition seeking so to modify or terminate the visitation rights.[1] We therefore conclude that grandparents are not entitled to notice of an adoption under § 15–5–24.3(5).

## QUESTION 1

This question asks us to determine whether grandparents have standing to intervene in an adoption proceeding filed by a surviving custodial parent and a step-parent. We answer this question in the negative. Our holding in *In re Nicholas*, 457 A.2d 1359, 1360 (R.I.1983), that grandparents do not have standing in adoption proceedings, was not superseded by the 1988 amendment to the Grandparents' Visitation Statute.

■ We underscore that adoption was unknown at common law. Since it came into the laws of this state by virtue of legislative enactment, its provisions must be "strictly construed and literally applied." *Sklaroff v. Stevens*, 84 R.I. 1, 6, 120 A.2d 694, 696 (1956). We held in *In re*

---

**1.** Grandparents are not left without a remedy in the event that a parent whose adoption will affect visitation fails to file a petition to change the grandparents' pre-existing visitation order— the grandparents may commence contempt proceedings against the parent.

*Nicholas, supra,* that the structure of the adoption statutes "expressed a clear intent" to empower only the parents with a right to participate in adoption proceedings. Because any extension of standing must be explicit, we cannot conclude that the Legislature intended implicitly to extend the standing provisions of the adoption statute by amending the Grandparents' Visitation Statute. Since the adoption statute itself does not confer upon grandparents with pre-existing visitation rights standing to intervene, we therefore answer question 1 in the negative.

Our conclusion that pre-existing visitation rights survive an adoption is consistent with the case-by-case approach of the Grandparents' Visitation Statute, which, by making the granting of visitation subject to a "reasonable" standard, balances the best interests of the child and the custodial parents with those of the grandparents.

In conclusion we answer certified questions 1 and 2 in the negative and question 4 in the affirmative. Because our response to question 2 was not in the affirmative, we need not reach question 3. The papers in the case may be remanded to the Family Court.