Salvatore **PULEO** and Susan **Puleo**

v.

**Eric D. FORGUE.**

No. 93–24–A.

Supreme Court of Rhode Island.

Dec. 6, 1993.

William C. Clifton, Providence, for plaintiffs.

Robert J. Sgroi, Warwick, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiffs, Susan and Salvatore Puleo, appeal from a Family Court order denying their motion for visitation rights with their grandchild.

This controversy has been going on since shortly after the death of plaintiffs' daughter, the mother of the grandchild. The deceased daughter, who was the custodial parent, had been divorced from defendant, Eric D. Forgue, who was the child's father, for almost three years. During that time plaintiffs claimed to have become very important to the grandchild and she to them. The plaintiffs alleged that they were in almost daily contact with her and she with them while her father had only minimal contact with her during those three years. Following the mother's death the child was with the grandparents, but was removed by the father shortly thereafter. The plaintiffs filed a miscellaneous petition for visitation rights eighteen days after their daughter's death.

Initially the Family Court ordered that plaintiffs have reasonable visitation privileges. Later, after numerous motions by plaintiffs to adjudge defendant in contempt for lack of compliance, all visitation rights were suspended.

During the pendency of the Family Court actions, defendant remarried. He and his new wife petitioned for her adoption of the child and the adoption was granted. A year later plaintiffs filed a new petition for visitation rights. In response to that petition, the Family Court justice conducted an in-camera hearing with the grandchild. Thereafter, questions were certified to this court by the trial justice concerning whether adoption by the new spouse, now a custodial parent, would amount to a change of custody rights that would require notice to the grandparents. In due course this court issued an opinion holding that the pre-existing visitation rights of the grandparents would survive such an adoption, but notice to the grandpar-

ents of the pendency of the petition was not required. *Puleo v. Forgue,* 610 A.2d 124, 127 (R.I.1992).

The case was then remanded to the Family Court for further determination. On remand the trial justice denied the new motion for visitation. In reaching his decision the trial justice ruled that there had been no change in circumstances since the previous trial justice, after an evaluation by a psychologist, suspended the visitation rights.

In the appeal now before the court plaintiffs argue that the trial justice abused his discretion by denying their visitation. They argue that the trial justice made his determination on the basis of statements of the child who was seven years old at the time.

A reading of this record discloses that there is great animosity between plaintiffs and their late daughter's former husband. It appears that this animosity was communicated to the child during her contact with the grandparents and the child's aunts and uncle, siblings of her deceased mother.

General Laws 1956 (1988 Reenactment) § 15-5-24.3 allows the Family Court, upon petition and after notice to parents and child, to hold a hearing for the purpose of determining whether reasonable rights of visitation may be granted to the petitioning grandparents.[1] The court must make the following findings of fact before granting petitioners reasonable rights of visitation.

"(1) That it is in the best interest of the grandchild that petitioner be granted visitation rights with the grandchild; and

"(2) That the petitioner is a fit and proper person to have visitation rights with the grandchild; and

"(3) That the petitioner has repeatedly attempted to visit his or her grandchild during the twelve (12) months immediately preceding the date the petition was filed and was not allowed to visit the grandchild during the twelve (12) month period as a direct result of the actions of either, or both parents of said grandchild; and

"(4) That there is no other way the petitioner is able to visit his or her grandchild without court intervention; and

"(5) That petitioner, by clear and convincing evidence, has successfully rebutted the presumption that the parent's decision to refuse the grandparent visitation with the grandchild was reasonable.

"The court may issue all necessary orders relative to said visitation rights granted to the petitioner. Once the petitioner has been granted reasonable visitation rights, notice of any petition seeking a change in custody or visitation shall be served on the petitioner." Section 15-5-24.3.

In this case it is clear that the grandchild expressed a desire not to have visitation with the grandparents. It is obvious that the trial justice believed that the continuing tension and litigation between these parties is not in the child's best interest. The statement that she did not wish to resume visitation was, without a doubt, a result of the stress the child experienced in her relationship with her father on the one hand and in her relationship with her maternal grandparents on the other. The trial justice expressed the belief that the father had exerted influence on his daughter, but that would not come as any surprise under the circumstances. The peace and sense of security of the child in her relationship with her parents should no doubt be given primary consideration. They are the ones who, in the normal course, will provide for her on a permanent basis. There was no claim made that the child was not being adequately cared for in her father's home.

After a review of the record the court concludes that the trial justice properly denied plaintiffs' petition for visitation after concluding that continued visitation was not in the best interest of the child. We have ruled many times that the findings of a trial justice will not be disturbed on appeal unless the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong. *Veach v. Veach,* 463 A.2d 508, 510 (R.I.1983).

1. This section was amended by P.L.1993, ch. 52, § 1 changing the twelve month requirement to six months. The amendment has no bearing on this case since the motion for visitation was heard and denied in 1992 prior to the change.

■ We have also considered the issue raised by the plaintiffs of the trial justice's denial of their request for an independent evaluation of the child. We conclude that until a change of circumstances affecting the child's welfare becomes apparent to either teachers, friends, spiritual advisors, or others who can observe, she is entitled to some peace in her family situation. The guardian ad litem appointed by the court, who has remained in contact with all of the parties, supports the trial justice's decision. To order a new evaluation by another expert in child psychology would place an unreasonable demand on the child to satisfy the wishes of only one of the three parties in interest here. The trial justice's denial of that request was appropriate.

For these reasons the plaintiffs' appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Family Court.